PERKINS, Appellant, *v.* WILSON and GARROTSON,
Respondents.

The court may amend the verdict of a jury when it is defective in something
merely formal, and which has no connection with the merits of the cause, where
the amendment in no respect changes the rights of the parties.

Where there are two defendants, and each answered separately, one denying any
connection with the contract declared upon, or liability under it, the other con-
fessing and avoiding it, and claiming damages against the plaintiff, and the jury
find against the plaintiff, and in favor of the defendants, and the pleadings and
evidence both show that but one defendant was entitled to recover,—Held, that
the court below did not err in amending the verdict so as to render it conform-
able to the case.

APPEAL from the Superior Court of San Francisco.

The complaint stated that the plaintiff had leased, on the 10th
December, 1850, to one of the defendants, Wilson, a portion of
his, plaintiff's, farm for two years, and sets forth the covenants
of the lease, one of which was, that Wilson was to work the
ground as a garden, sell the produce, and pay one-fourth of the
proceeds to the plaintiff when taken to market, and when sold on
the ground, one-third of the money received therefor; to keep a
book showing all sales, &c., accessible at all times to both parties.
That defendant had wholly failed to account, and to pay any
portion of the proceeds, &c., to the plaintiff, and calls upon
Wilson to account, &c., and lays his damage at $800.

And further charges, that said Wilson, being in possession of
the land under the said lease, he took into partnership with him,
in the cultivation thereof, one John W. Garrotson, who well knew
of the terms of partnership, and the interest plaintiff had in the
product of the land so rented to Wilson, and that the said Wilson
and Garrotson worked the land together as partners, and as such
jointly received the money for which the proceeds thereof were
sold, and that Garrotson is liable to pay the amount received by
him, of the proceeds of the produce sold, to the plaintiff, knowing,
as he did, that it belonged to the plaintiff, and charges that he
received, as aforesaid, $1000.

Garrotson demurred to the complaint, alleging for cause,

that it contained no cause of action against him; that there is no privity of contract between him and the plaintiff, nor was he in any way a party to the contract sued upon; and answering, denies that he was a partner of Wilson, or that he knew of the agreement between Wilson and plaintiff, or of the interest of plaintiff in the products of the land.

Defendant, Wilson, in his answer, denies breach of contract and all indebtedness to plaintiff, admits the execution of the lease, and denies partnership with Garrotson, and avers that he had acted in good faith and performed all covenants, &c.; and charges that plaintiff had failed wholly to perform the covenants on his part; and specially, that plaintiff had failed to enclose the land in a good and substantial fence, as he had covenanted to do, whereby defendant had lost his crops, and was damaged $5000, and charges other failures on the part of the plaintiff, and prays judgment against plaintiff for the damages by him sustained, &c.

The case was tried by a jury, who found for the defendants, the sum of $500. The court entered judgment that the plaintiff take nothing by his action, but that defendants have and receive of the said plaintiff the said sum of $500, with interest and costs.

The plaintiff moved for a new trial, which was refused, and defendants moved to amend the verdict and judgment so as to read that the jury find for the defendants, and assess the damages to the defendant, Wilson, to the amount of $500; which the court ordered, and that the judgment heretofore entered be amended so as to conform to the said verdict. Plaintiff appealed.

There were several witnesses examined in the case, but the only question considered by the Supreme Court, was, whether the District Court erred in amending the verdict and judgment as above stated.

*Brown*, *Pratt*, and *Tracy*, for appellants,

Urged that the court had no right to amend the verdict in the manner shown by the record, and cited 2 Greenleaf's Rep., page 37, and cases there cited.

*Clark*, *Taylor*, and *Bickle*, for respondents.

Garrotson, one of the defendants, asks no damages,—he merely denies the allegations of the complaint. The verdict was a mistake, giving the damages to the defendants jointly.

Wilson pleaded separately, and claimed damages for breaches of the covenants in the lease, and it was these damages the jury assessed; and whether they should accrue to both defendants or to Wilson alone, was a question of law.

The mistake being one of form only, the court was perfectly competent to correct it. Rew *v.* Baker, 1 Cow. 408; Rockfeller *v.* Donelly, 8 Cow. 651; 1 Hill, 209; 3 Dey. 205; U. S. Dig. 1, p. 160.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

The question as to the power of the court to amend the verdict of a jury was fully considered upon the authorities in the case of Little *v.* Larrabee, 2 Greenleaf, R. 37; and the opinion given meets my entire approbation. The rule there laid down recognizes the power of the court to amend in "those cases in which the incorrectness or defectiveness of the verdict consists in something merely formal, and which had no connection with the merits of the cause; where the amendment, when made, in no respect impairs or changes the rights of parties, but may only prevent the disturbance of the proceedings by writ of error; or by correcting clerical mistakes render the record consistent, and the verdict pursuant to the issue."

Let us apply these principles to the present case. Here the two defendants each answered separately,—one denying any connection with the contract declared upon, or any liability to the plaintiff, the other confessing and avoiding, and setting up in further defence a right to recoupment of damages against the plaintiff. The jury find against the plaintiff, and five hundred dollars in favor of the defendants.

The pleadings and evidence taken together show beyond question that but one defendant was entitled to the recovery, and the court below amended the verdict accordingly.

Does this amendment change or impair the rights of the parties? The defendant Garrotson does not complain that he is

deprived of any right, nor could he be allowed to do so; he set up none in his answer, he propounded none in the evidence, and a recovery in his favor would not be allowed to stand.

The issue upon which the finding of damages against the plaintiff was obtained, was confined solely to, and pending be-- tween, the plaintiff and the defendant Wilson.

It seems, therefore, that the intention of the jury is clearly manifest, and the defect of their verdict is, in my view, merely of that formal character which justified the amendment of the court.

In all cases where the intent is so plain, and where, by no possibility, injury or injustice can be visited upon either party, it is the duty of this court to refrain from a disturbance of the judgment.

Judgment affirmed, with costs.