WATSON TROWBRIDGE *et al.*, Appellants, *v.* JOHN SEAMAN, Appellee.

APPEAL FROM ADAMS.

Where a judgment by default is entered on a promissory note, payable in currency, the clerk may assess the damages; it is not necessary to call a jury for that purpose.

THIS was an action of assumpsit, brought by the appellee against the appellants, in the Circuit Court of Adams county. At the June term of said court, 1858, SIBLEY, Judge, presiding, a judgment was rendered by default against the appellants, and in favor of the appellee, for $2,762.50 damages. Said damages were assessed by the clerk under an order of the court. A summons issued in said cause was duly served on the appellants, more than ten days before the commencement of said June term of said court, but they did not appear.

The declaration contains six special, and the usual common counts.

The first five special counts are each upon a separate instrument of writing, made and delivered by the appellants to one John B. Bennett, bearing date June 1st, 1857, and in and by each of which the appellants promised to pay to the order of Bennett " five hundred dollars in currency," with interest thereon at the rate of six per cent. per annum. Said instruments are payable respectively on the 10th day of October, November and December, 1857, and the 10th day of January and February, 1858; and they are all alleged to have been assigned by Bennett to the appellee. It is also alleged that the currency called for in each instrument, was at the time the same became due, of great value, to wit, of the value of five hundred dollars.

The sixth special count is upon all of said instruments, and embraces substantially what is contained in the first five special counts.

The appellants assign for error, the order of the court that the clerk assess the damages, the assessment of the damages by the clerk, and the rendering of the judgment upon such assessment.

WHEAT & GROVER, for Appellants.

J. GRIMSHAW, for Appellee.

CATON, C. J.   This action was upon several promissory notes payable " in currency." A judgment by default was entered, and the clerk assessed the damages. The objection taken is,

that the notes being payable in currency, the clerk could not assess the damages, but that a jury should have been called for that purpose. This same question was raised and decided · by this court, in the case of *Swift* v. *Whitney*, 20 Ill. R. 144, where it was held, that a note payable in currency was in legal contemplation payable in money, and that it was not necessary that a jury should be called to assess the damages. We do not deem it necessary now to add anything to what was there said in favor of the decision.

The judgment must be affirmed.

*Judgment affirmed.*