THE NORTHERN BANK OF ILLINOIS, Plaintiff in Error,
    *v.* SAMUEL ZEPP, Defendant in Error.

### ERROR TO LAKE.

A bank organized under the general banking laws of this State, although it has filed a certificate of a desire to withdraw its bills from circulation, can be made liable for a certificate for deposits subsequently received, unless the party depositing has knowledge of the filing of such certificate.

On a default taken, the court may assess the damages upon a certificate payable in currency.

THIS was an action of assumpsit.  The declaration contains a special count on a certificate of deposit payable in " currency."

The defendant below, appellant here, pleaded, first, the general issue.

3rd.  That defendant was a corporation, (and existed only as such) organized under the general banking laws of this State in November, 1852, and did business as a bank of issue, discount and deposit in the State; that on the 23rd day of September, 1859, it made, and filed in the auditor's office, a certificate of its desire to withdraw its bills from circulation; that the causes of action declared for, arose out of deposits, etc., made long after the making and filing said certificate with

the auditor, to wit, April 10, 1861; that said deposits, etc., and the promises, etc., declared on, were not made or done in winding up the defendant's concerns, nor in collecting debts due to it, nor paying debts due from it, etc., nor in relation to any suit by or against it.

4th. That defendant was ready, etc., to pay plaintiff the equivalent and value of money of said $384 "currency," to wit, $286.80 in lawful gold coin of the United States, the same being the full and fair value of said amount of currency, and on the 27th of August, 1861, offered to pay and tendered the same to plaintiff, which plaintiff refused to receive.

The seventh plea is like the third, but fuller and more perfect in its averments.

The plaintiff demurred to the 3rd, 4th and 7th pleas, separately, and the defendant joined in demurrer.

The other pleas were traversed, and issues formed thereon.

The court sustained the demurrer to said 3rd, 4th and 7th pleas, and the defendant stood by said pleas. Judgment on demurrer.

A jury was waived, there was a trial by the court and a finding for the plaintiff below. Damages assessed at $380. Motion for new trial overruled, and judgment on the finding.

T. HOYNE, for Plaintiff in Error.

Cited, Angell & Ames on Corporations, p. 750; 2 Kent's Com., pp. 299—307; 3 Kernan, 310; 2 Mason, 46; 14 Mass. 58.

LELAND & BLANCHARD, for Defendant in Error.

Cited, 5 Gilm. 573; 22 Pick. 181; 7 D. & E. 535; 11 Mass. 376.

As to the goodness of the plea. 17 Mass. 389; 23 Wend. 342; 23 Barb. 492; 20 Ill. 144.

WALKER, J. The decision of the court below, in sustaining demurrers to defendant's third and seventh pleas, is assigned for error. They are substantially the same, and present but one question. They allege, that the defendant was a bank,

regularly incorporated, in this State, under and in accordance with the general banking laws of the State. That on the 23rd day of September, 1859, it as such bank filed with the auditor of public accounts a written certificate of its desire to withdraw its notes from circulation. That plaintiff's cause of action arose out of transactions occurring subsequently to filing the certificate. That the cause of action consisted of certain deposits of bank notes and certificates of deposit, made with and given by defendant in doing a banking business at its office in Waukegan, on the first day of April, 1861, and that the transaction did not occur in winding up the affairs of the bank, nor in collecting or paying its debts accrued before filing the certificate, nor in relation to any suit prosecuted against the bank. ·

The first section of the act of the 10th of January, 1855, (Scates' Comp. 124), provides, that any banking association in the State, which may desire to close the business of circulating its bills, may file a certificate of the fact with the auditor, and may surrender its bills to the auditor, in the manner therein provided. The fourth section provides, that after filing such certificate, the bank shall cease to do any banking business whatever, or to have any banking powers, except to wind up its concerns, collect and pay debts due to and from the bank, and to sue and be sued for such debts.

Does this enactment release the bank from all liability for money, property, or choses in action, acquired after filing such a certificate? Was it the design of the legislature to license these institutions to commit frauds upon the community, by acquiring the means of the innocent, the unsuspecting and confiding portion of community, and then protect them against all liability? Such never could have been the design, nor can such a construction be given to this provision. To so hold, would authorize a bank to file such a certificate, and without any notice of the fact, to receive and retain money, property and choses in action, without paying or becoming liable for any sum whatever. If the depositor would have lost all claim upon the bank, by having notice that the certificate had been filed with the auditor, no such notice is averred. The law has

not declared that all banking transactions with such an institution shall be void, but it only declares that the banking powers shall cease. It has failed to prohibit persons from transacting business with the bank. The bank is prohibited from doing banking business, and they could maintain no action to enforce a contract growing out of a transaction prohibited by the act, but until notice is brought home to a depositor with the bank, he cannot be affected. No such notice is averred, and the pleas were bad and the demurrer properly sustained.

It is also urged, that the court erred in assessing the damages. The certificate was payable in currency, which has been held by this court to be bank or other bills issued by authority, and which constantly circulate instead of coin. *Swift* v. *Whitney*, 20 Ill. 144. If the certificate had been payable in bills of Illinois banks, it might have been otherwise. In the case of *Trowbridge* v. *Seaman*, 21 Ill. 101, it was held, that on a default, the clerk might assess damages on an instrument payable in currency, as it in legal contemplation is payable in money. We still perceive no reason to depart from the rule announced in these cases.

The judgment of the court is therefore affirmed.

*Judgment affirmed.*