# URI OSGOOD

*v.*

# DELOS W. McCONNELL.

1. PAROL EVIDENCE — *changing a contract.* Where an instrument sued upon is payable in " current bank notes, it is not competent to show by extrinsic evidence that by such bills was meant depreciated bank bills, and that they were not of the value of coin. To permit such proof would be to alter, change or modify the agreement of the parties, which cannot be allowed.

Osgood *v.* McConnell.

2. ESTOPPEL — *admission.* A party who gives a certificate of deposit for "current bank notes," thereby admits that to be the character of the money received, and by such admission he is estopped from showing the funds received were not current, or to claim the right to pay in anything but the same character of funds.

3. CURRENCY — CURRENT BANK NOTES. The term "currency" means bank bills, or other paper money, which passes as a circulating medium in the business community, as and for the constitutional coin of the country. "Current bank bills" mean precisely the same thing as "currency."

4. MEASURE OF DAMAGES — *instruments payable in "current bank notes."* The true measure of damages in an action of assumpsit upon a certificate of deposit of "current bank notes," which is to be paid "in like funds," is the number of dollars specified as having been received.

5. VERDICT — *putting it in form.* A jury returned as their verdict in an action of assumpsit: "We, the jurors, find for the plaintiff, $450." By direction of the court the verdict was put in form, in the presence of the jury, and with their assent, as follows: "We, the jurors, find for the plaintiff, and assess the damages at $450." *Held*, the verdict was properly put in form.

6. WILL CIRCUIT COURT — *practice therein.* Under the act regulating the practice in the Circuit Court of Will county, although the issues in a cause may be made up during the first week of the term, which is called the vacation term, in the absence of any agreement between the parties as to the mode of trial, the cause will stand regularly for trial by jury, after the vacation term, that being the first week of each term, shall elapse.

APPEAL from the Circuit Court of Will county; the Hon. S. W. HARRIS, Judge, presiding.

This was an action of assumpsit, instituted in the court below by Delos W. McConnell, against Uri Osgood. The cause was submitted to a jury, who returned the following verdict: "We, the jurors, find for the plaintiff $450." By direction of the court, the verdict was put in proper form in the presence of the jury, and with their assent, as follows: "We, the jurors, find for the plaintiff, and assess the damages at $450."

The pleadings in the cause, and the facts necessary to an understanding of the questions decided, are sufficiently set forth in the opinion of the court.

Mr. URI OSGOOD, *pro se*, presented the following points and authorities:

1. The case was tried without authority of law, because the issues were made up in vacation term, and no mode of trial was

agreed upon. Sess. Acts, 1853, p. 172, 173, secs. 1 and 4; Sess. Acts, 1859, p. 60, sec. 5.

2. This was the instrument sued upon:

URI OSGOOD'S EXCHANGE AND COLLECTION OFFICE, }
JOLIET, *May 8th,* 1861.　　}

D. W. McConnell, Esq., has deposited with me three hundred eighty-eight $\frac{50}{100}$ dollars, in current bank notes, to the credit of himself, which will be paid in like funds to his order hereon, three months after date, with interest at 10 per cent.

URI OSGOOD,
No. 4003.　　　　　　　　　　　　Pr. A. A. OSGOOD.

The true measure of damages was the value of "current bank notes" in coin. *Smith et al.* v. *Dunlap,* 12 Ill. 184; *Stevenson* v. *Unkefer,* 14 Ill. 103; *Philips* v. *Riley,* 3 Conn. 366; *Dillard* v. *Evans,* 4 Pike, 175; *Mann* v. *Ex'ors of Mann,* 1 Johns. Ch. R. 231.

3. It was improper to change the form of the verdict from that returned by the jury.

Mr. R. E. BARBER, for the appellee, insisted that the instrument sued upon, being payable in "current bank notes," was payable in *money,* and cited *Mann* v. *Ex'ors of Mann,* 1 Johns. Ch. R. 231; *Swift* v. *Whitney,* 20 Ill. 144; *Trowbridge* v. *Seaman,* 21 ib. 101; *C. F. & M. Ins. Co.* v. *Keiron,* 27 ib. 501; *Marine Bank* v. *Chandler,* 27 ib. 525.

2. The verdict was properly put in form. *Cook* v. *Scott,* 1 Gilm. 333; *Flinn* v. *Barlow,* 16 Ill. 39; *Parmelee et al.* v. *Smith,* 21 Ill. 620; *Smith* v. *Williams,* 22 ib. 357.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit on this instrument:

"$388$\frac{50}{100}$, cy. URI OSGOOD'S EXCHANGE COLLECTION }
OFFICE, JOLIET, *May 8th,* 1861.　　}

D. W. McConnell, Esq., has deposited with me three hundred eighty-eight $\frac{50}{100}$ dollars, in current bank notes, to the credit of

himself, which will be paid in like funds to his order hereon, three months after date, with interest at 10 per cent.

URI OSGOOD,

No. 4003.                                    Pr. A. A. OSGOOD."

On the trial below, the jury found a verdict in favor of the plaintiff for four hundred and fifty dollars. A motion for a new trial was entered, which was overruled by the court, and judgment rendered upon the verdict. This appeal is prosecuted to reverse that judgment.

The principal question arising on this record is, whether the appellant had the right to show, by extraneous evidence, that "current bank bills" were not of the value of coin. That such bills meant depreciated bank bills. Appellant, by the instrument itself, admits that he received so many dollars in current bank bills, and he agrees to pay the same in like funds. By this admission, he is estopped from showing that the funds received were not current, or to claim the right to pay in anything but the same character of funds. To permit such proof, would be to alter, change or modify the agreement of the parties. This the law cannot permit.

This court has repeatedly held, that currency and current bank bills, have a fixed, known signification. That the term currency means bank bills, or other paper money, which passes as a circulating medium in the business community, as and for the constitutional coin of the country. Current bank bills, it will be perceived, mean precisely the same thing as currency. This question has been repeatedly before the court, and it has been uniformly so held. *Chicago Fire and Marine Ins. Co.* v. *Keiron*, 27 Ill. 501; *Marine Bank* v. *Chandler*, ib. 525; *Galena Ins. Co.* v. *Kupfer*, 28 Ill. 332; *Chicago Marine and Ins. Co.* v. *Carpenter*, ib. 360; *Marine Bank* v. *Rushmore*, ib. 463; *Swift* v. *Whitney*, 20 Ill. 144; *Trowbridge* v. *Seaman*, 21 Ill. 101. The true measure of damages, then, was the number of dollars specified as having been received, with the stipulated rate of interest. This was adopted by the jury.

There was no error in putting the verdict in form. The practice act provides that the jury may pronounce their verdict

in open court, without being in writing, by their foreman, and it requires the clerk to enter the same in form, under the direction of the court. If, when presented in writing, it is informal, the practice has always authorized the court, in the presence of the jury, and with their assent, to put it in form. In this case, the verdict as returned was, in substance, the same as after the alteration was made. The change was only in form, as they had already found for the plaintiff a specific sum, but did not state that it was for damages. There was no issue before them as to whether it was debt or damages. The finding could be only for damages. The jury, before retiring from the box, adopted it thus altered, as their verdict. There was no error in this change of the form of the verdict as made by the court.

It is assigned as error, that the court below tried this cause without legal authority. The act regulating the practice in the Will Circuit Court (Sess. Laws, 1859, p. 60), declares the first week of each term to be a vacation term, to make up issues, and the remainder as a trial term. That act also adopts substantially the act regulating the practice in the Cook Circuit Court and the Cook County Court of Common Pleas. (Sess. Laws, 1853, 172.) By the fourth section of the latter act, it is provided, that where the issue is formed at a vacation term, the parties shall determine whether the cause shall be tried by a jury or by the court without the intervention of a jury. In this case, the issue was made during the first week of the term, but no agreement was entered as to the mode of trial. The objection urged is, that a trial could not be had at the trial term in the absence of such an agreement.

This cannot be the true construction of the act. If so, by refusing to enter into such an agreement, the defendant could prevent a trial from ever being had. This was obviously not intended by the law makers. It was no doubt intended to ascertain when the issue was formed, whether or not a jury would be required on the trial, and the fact to appear upon the record. But if it did not appear, then it would stand for trial by jury, as that mode of trial is a constitutional right of

the parties of which they cannot be deprived without their consent. It is not provided that the cause shall not be tried unless the mode is agreed upon at the time of making up the issue, but it is declared that when the agreement is entered into and the order made, that the cause shall only be tried at the trial term in the mode agreed upon. In the absence of any such agreement, the court is warranted in setting the case down for trial in its order as though the mode had been agreed upon by the parties. This cause, then, stood for trial after the first week of the term, and there was no error in hearing the cause at that time. We are unable to see any error in this record for which the judgment should be reversed, and it must be affirmed.

*Judgment affirmed.*