Hon. JOHN CLARK, ⎱ Justices.
Hon. H. E. PRICKETT, ⎰

---

## GEORGE AINSLIE, Respondent, v. THE IDAHO WORLD PRINTING CO., Appellant.

Reviewing Verdict on Appeal from Judgment—Practice.—Upon an appeal from a judgment the court may review the verdict of the jury, if excepted to, and the evidence upon which such verdict is based. An exception to the verdict, on the ground that it is not supported by the evidence, can not be reviewed on an appeal from the judgment, however, unless the appeal is taken within sixty days after the rendition of the judgment.

Conflict of Testimony.—When this court find upon a review that there is a substantial conflict of testimony, it will not disturb the decision of the court below refusing a new trial. If the testimony consist wholly of depositions, the rule is different, but not when a considerable portion was oral.

Appeal from the second judicial district, Boise county.

*J. W. Brown and Huston & Gray*, for the appellant.

*Alanson Smith and J. Brumback*, for the respondent.

41

PRICKETT, J., delivered the opinion. HOLLISTER, C. J., and CLARK, J., concurred.

This action is upon a balance of account for services rendered by the respondent as editor of the Idaho *World.* The defendant answered, setting up an express contract, and alleging full payment thereunder. The issues were tried by a jury, and the plaintiff obtained a verdict for nine hundred dollars, upon which judgment was rendered September 30, 1876. The defendant immediately moved for a new trial upon the minutes of the court, which motion was denied. A statement was thereafter settled and authenticated pursuant to the statute, and on the fourth day of October, 1876, an appeal from the judgment was taken to this court. The record brought to this court upon the appeal consists of the judgment-roll, the proceedings and statement on motion for a new trial, and the notice and undertaking of appeal. The error assigned is that the evidence is insufficient to justify the verdict.

The respondent insists that the facts can not be reviewed in this court upon an appeal from the judgment, and that the statement settled after motion for a new trial can only be used for the purpose of showing errors of law committed in the court below, excepted to at the trial. This proposition would have been correct under the statute prior to the revised code, but the new code has changed the rule in this respect. Section 454 provided that "upon an appeal from a judgment, the court may review the verdict or decision if excepted to, or any intermediate order if excepted to which involves the merits or necessarily affects the judgment." The first subdivision of section 437 provides that "an appeal may be taken first from a final judgment in an action or proceeding commenced in the court in which the judgment is rendered within one year after the entry of judgment. But an exception to the decision or verdict on the ground that it is not supported by the evidence, can not be reviewed on appeal from the judgment, unless the appeal is taken within sixty days after the rendition of the judgment.

Section 448 provides what shall constitute the record on appeal from a final judgment, viz.: "A copy of the notice of appeal, of the judgment roll, and of any bill of exceptions or statement in the case upon which the appellant relies. Any statement used on motion for a new trial, or settled after decision of such motion, when the motion is made on the minutes of the court, etc., may be used on appeal from a final judgment, equally as upon appeal from the order granting or refusing a new trial."

Section 201 of the new practice act provides that the verdict of the jury is to be deemed excepted to. These several provisions of the statute, examined by their own light, seem to us too clear to admit of any doubt as to their meaning. They are in harmony with each other, and were evidently intended to do away with the necessity of taking two appeals in the same case, in order that the facts and the law might be reviewed. Under these statutes the verdict of the jury, if excepted to, may be reviewed on an appeal from a judgment, but if the exception to the verdict is on the ground that it is not supported by the evidence, then, in order to have the same reviewed, such appeal must be taken within sixty days after the rendition of the judgment. And upon such review the statement used upon or settled after motion for new trial, in accordance with the statute, may be used, if it could be used on an appeal from an order granting or refusing a motion for a new trial, as fully and to the same extent and for all the purposes that it could be used on such last-named appeal. The verdict is "deemed excepted to," which means that the exception is saved, and when properly incorported in a statement or bill of exceptions, with a statement of the grounds upon which it is based, it is available as an exception.

But it is a well-established rule that when the appellate court finds, upon a review of the testimony, that there is a substantial conflict, it will not disturb the verdict or the decision of the court below granting or refusing a new trial. Upon an examination and review of the testimony in this case we find that it is fully within that rule, scarcely any two witnesses agreeing as to the material facts in the case.

But it is claimed by the appellants that this case should be excepted from the operation of the rule, because much of the testimony is in writing, and consists of depositions. This position would be correct if all the material testimony was in writing, for in that case this court would have the same means for determining the weight of the evidence as the jury had, but in this case much of the material testimony was given orally in court. It is not, therefore, excepted from the general rule above stated, and we are not called upon to grant a new trial.

The judgment of the district court must be affirmed, and it is accordingly hereby affirmed with costs to the respondent.