JOHN C. FOX, APPELLANT, *v.* W. W. WEST AND M. G. LUNEY, RESPONDENTS.

"ADVERSE PARTY" DEFINED.—The term "adverse party" in section 201 of our civil practice act has the same signification as to matters deemed excepted to as the term "aggrieved party," in section 436 of the same act.

PRACTICE—EXCEPTIONS.—The exceptions which, by section 201 of the civil practice act, the adverse party is deemed to have taken, have the same force and effect in the conduct of the action as other exceptions taken during the trial, and can not be considered on appeal without being incorporated into a bill of exceptions, and thus made a part of the record.

RELIEF OBTAINABLE IN COURT BELOW.—Any relief sought which is attainable in the court below can not be granted in the first instance, in the appellate court.

APPEAL from the second judicial district, Boise county.

*F. E. Ensign,* for the appellant.

*Huston & Gray,* for the respondents.

Buck, J., delivered the opinion; Morgan, C. J., and Prickett, J., concurring.

This action is brought on a joint and several promissory note given to plaintiff, as payee, by defendants, and one R. W. Thompkins. Only West and Luney were made parties defendant, the joint maker, Thompkins, having died prior to the commencement of the action. Defendant West made default, and Luney filed his separate answer, alleging among other things full payment of the note. The cause was tried with a jury on the issues joined, and a verdict was rendered in favor of the plaintiff, against both defendants, as prayed for in the complaint, for the sum of one hundred and twenty-six dollars and sixty-eight cents. Judgment was entered for the amount found due against the defendant without designating which one.

Appeal is taken from final judgment, and the errors alleged are: 1. That the jury erred in finding a verdict against both defendants, the plaintiff claiming that the verdict should have been separate against defendant Luney for the amount found due on the note, leaving the plaintiff at liberty to enter a separate judgment against defendant West on default for the full amount. 2. That the court erred in receiving the verdict and entering judgment.

No bill of exceptions or statement was brought up in the record, and the appellant relied on the exception to the verdict served to the "adverse" party by section 201 of chapter 14 of our civil practice act, and claimed that said exceptions could be considered on the appeal without being incorporated into a bill of exceptions and thus made part of the record. The signification of the word "adverse" in said section was also argued, and whether in contemplation of our statute, a party having obtained a verdict in his favor, but with which he was not satisfied, would be an "adverse" party to whom an exception under said section would be saved. The court is of the opinion that the term "adverse party" in section 201, chapter 14 of our civil practice act, has the same signification as to matters "deemed excepted to" as the term ag-

grieved party in section 436 of chapter 28 in taking an appeal, and that any party aggrieved by any decision can avail himself of the exceptions given by said section.

But before said exceptions can be considered on appeal, they must have been incorporated into a bill of exceptions, and thus made a part of the record. In this respect there is, in our practice, no distinction between exceptions saved by the statute and other exceptions taken at the trial. (*Idaho World Printing Co.* v. *George Ainslie, ante,* 641.)

As to the first error claimed by appellant, to wit, the character of the verdict of the jury, and the reception thereof by the court, there seems to have been no objection whatever at the trial, either to the verdict itself or the reception of it by the court. Section 179 of chapter 13 of our civil practice act provides for the correction, by the jury, under the advice of the court, of informal or insufficient verdicts, and section 208 of chapter 15 of said act provides for a new trial in case the verdict is contrary to law or is not justified by the evidence. No objection was made to the verdict either by motion to correct it or for a new trial. The plaintiff having acquiesced in the verdict, can not object to it in the first instance in the appellate court. (*Perkins* v. *Wilson & Garretson,* 3 Cal. 137; *Hicks* v. *Coleman,* 25 Id. 146; *Duff* v. *Fisher,* 15 Id. 380.)

As to the third and fourth assignments of error, section 215 of chapter 16 of our civil practice act requires the clerk to enter judgment in conformity to the verdict, and unless the aggrieved party takes the necessary steps to correct it, it was clearly his duty to do so.

If the judgment as entered is irregular as embracing too many parties, the proper practice is to move to correct it in the court below. (*Mulliken* v. *Hull & Co.,* 5 Cal. 246; *De Castro* v. *Richardson,* 25 Id. 53; *Morrison* v. *Dopman,* 3 Id. 257; *Rousset* v. *Boyle,* 45 Id. 64.)

The second assignment of error by plaintiff, namely, that the court erred in refusing to enter judgment against West for the sum claimed in the complaint, seems not well taken, as the record does not show, and it was not contended on

the argument that the plaintiff ever asked, that defendant West be defaulted or that judgment be entered against him.

We find nothing in the record that would authorize the court to interfere with the judgment below, and it is therefore affirmed.