(February 17, 1885.)

## GUTHRIE v. PHELAN.
[6 Pac. 107.]

RECORD ON APPEAL FROM JUDGMENT.—On appeal from a judgment, without a statement, nothing belongs to the record, except the judgment-roll, and no question arising outside the roll can be considered.

EXCEPTIONS TAKEN AT THE TRIAL.—Exceptions taken at the trial and settled as provided in sections 405 and 406 of the Civil Practice Act form part of the judgment-roll, and constitute part· of the record on appeal from the judgment.

ISSUES OF LAW AND FACT.—When there is both a demurrer and answer to the same complaint, raising both an issue of law and fact, the issues of law should be first determined.

SAME.—When there are both issues of law and fact and the cause is brought on for trial and a judgment rendered, the presumption will be indulged on appeal that the issue of law was previously disposed of by an order overruling the demurrer.

EXCEPTIONS DEEMED TO HAVE BEEN TAKEN.—The exceptions which, by section 403 of the Practice Act, the adverse party is deemed to have taken, have the same force and effect in the conduct of the action as other exceptions, and cannot be considered, on appeal, without being incorporated into a bill of exceptions and made a part of the judgment-roll.

(Above syllabus by the court.)

DEMURRER—WAIVER—PRACTICE ON APPEAL.—Where defendant demurred to the complaint in the trial court, but afterward waived such demurrer, he cannot have the same considered upon appeal.

APPEAL from District Court, Oneida County. Affirmed.

Prickett & Lamb, for Appellants.

On the twenty-seventh day of December, 1882, the defendants, by their attorneys, appeared and demurred to the com-

plaint (see Transcript, p. 43), which demurrer was overruled by the court. On the fourth day of January, 1883, the plaintiffs, without leave of court, filed a paper designated a supplemental complaint, in which it is alleged that the note set out and described in the original complaint "is now past due and is unpaid," and "that one hundred dollars is a reasonable and just fee for the collection of said note." (See Transcript, pp. 12-14.) On the seventeenth day of March, 1883, one of the plaintiffs' attorneys filed with the clerk of the court an affidavit showing that the "amended" complaint was served on defendants' attorneys "through the United States mail" on the twenty-first day of January, 1883, and that no answer or demurrer thereto had been served "on this affiant as attorney of plaintiff," and thereupon the clerk entered the default of the defendants on the seventeenth day of March, 1883. (See Transcript, pp. 36-38.) On the twenty-sixth day of March, 1883, the defendants filed an "amended" demurrer to the plaintiffs' complaint. (See Transcript, p. 43.) May 21st an answer was filed. May 21, 1883, the defendants moved the court to set aside the default entered by the clerk, which motion was, on the next day, overruled by the court; and on the twenty-fifth day of May, 1883, a judgment was rendered against the defendants upon the note only (the account having in the meantime been paid), for $1,139.50 and costs. (Record, p. 50.) From the judgment so rendered the defendants appealed to this court. (Record, p. 66.) The appellants submit that the complaint does not state facts sufficient to constitute a cause of action, or to support a judgment. Where the complaint shows no cause of action, a judgment by default can no more be taken than it can be over a general demurrer. (*Abbee v. Marr,* 14 Cal. 210.) The so-called supplemental complaint was filed without leave of the court, in violation of the provisions of the Code of Civil Procedure, section 261. The default of the defendants was entered improperly and irregularly, without any authority in the clerk to enter the same. The demurrer to the original complaint was pending. The defendants were not required to answer or demur to the supplemental complaint, because it was filed with-

out leave of court, and because neither the original nor supplemental complaint, nor both combined, contained facts constituting a cause of action. The action of the clerk in entering the default being void, the judgment entered upon such default is also void. The court below erred in refusing to set aside the default. For these errors, apparent upon the face of the record, we submit that the judgment of the district court should be reversed, with directions to dismiss the action.

Smith & McCollum, for Respondents.

There is but one question to be considered on this appeal; that is, Do the pleadings of plaintiffs show a cause of action? Defendants having fully appeared to the original and supplemental complaint, no question of service or of jurisdiction can be considered here. That defendants did so appear, see notice in Transcript, page 41. This is not an ordinary judgment by default rendered by the clerk in vacation, but is a judgment rendered by the court in term after answer filed and upon the pleadings. This fully appears from the transcript (see Transcript, pp. 45, 50), and the recitation of the premises in the judgment, stating that it is purely by default, does not change this. The objection that the supplemental complaint was not filed in strict accordance with the code, section 262, or that it is not in aid of the original complaint, cannot be raised on appeal on the judgment-roll, and if the defendants appeared to the supplemental complaint, they waived all objections. (*Witmore v. Truslow*, 51 N. Y. 338.) It is perfectly proper to set up rights accruing or acquired after the beginning of the action in an amended or supplemental complaint. (*Smith v. Billet*, 15 Cal. 23; *Tustin v. Faught*, 23 Cal. 242.)

Per CURIAM.—This action was commenced in the court below on the eighteenth day of December, 1882, upon an open account for goods, wares, and merchandise, and also upon a promissory note. At the time of the commencement of the action the promissory note was not due, and did not become due until the first day of January, 1883. When the action was commenced, the plaintiff caused an attachment to be is-

sued, and certain goods of the defendants were levied upon. On the twenty-seventh day of December, 1882, the defendants, by their attorneys, appeared and demurred to the complaint. The record brought here does not notice any rulings or order upon the demurrer. On the fourth day of January, 1883, the plaintiff filed a supplemental complaint, which omitted the first count in the original complaint, and counted alone upon the promissory note. On the twenty-sixth day of March, 1883, the defendants filed a general demurrer to the complaint, which was denominated "Amended Demurrer." The record before us is silent as to the disposition of this demurrer. On the twenty-first day of May, 1883, the defendants filed their answer to the complaint, and on the twenty-fifth day of the same month a judgment was entered against the defendants upon the promissory note. No bill of exceptions was taken, and the cause is here upon the judgment-roll, which is imperfect in almost every part; evidently, it is not a complete transcript of all the proceedings had in the case, and the clerk does not so certify. From an inspection of the record it is impossible to know what proceedings were had in the court below. But the parties, by their counsel, have appeared and argued and submitted certain questions for our determination.

The appellants interpose a demurrer in this court, and thereby question the sufficiency of the complaint to sustain the judgment, and contend for the correctness of their practice. While it is true that in some cases an objection to the sufficiency of the complaint can be raised for the first time in this court, yet it is not a practice that can be commended in causes where all parties appeared and had their day in the trial court. The public has an interest in all litigation, and when the defendant is in court, the time of the court should not be consumed in the trial of a cause where an objection by the defendant would terminate all proceedings, and save to parties and to the public the time and expense of litigation.

The question, however, in this case is not whether the appellants can object to the sufficiency of the complaint for the first time in this court, but whether they could raise their objection by demurrer in the court below, have it disposed of there, waive their right to bring the question here by a bill

of exceptions, appeal from the judgment, and then interpose another or new demurrer in this court. It will be observed that the "amended" demurrer was filed in the court below after the filing of the supplemental complaint, and that the record brought here fails to disclose any order or decision upon it. The rule is that when there is both a demurrer and answer to the same complaint, raising both an issue of law and fact, the issue of law should be first disposed of. The statute so provides. When there are both issues of law and fact, and the cause is brought on for trial, and the issues of fact are tried and a judgment rendered in the cause, the presumption will be indulged, on appeal, that the issue of law was previously disposed of by an order overruling the demurrer; and in this case the presumption is strengthened by the absence of proof that the record is complete. (*Brooks v. Douglass,* 32 Cal. 208; *Abadie v. Carrillo,* 32 Cal. 172.)

It has been settled by this court that when a party desires to have a decision or order of the district court reviewed by this court, he must except thereto when the ruling or decision is made, and he must also preserve and bring up such exceptions by a bill of exceptions or statement. (*People v. Hunt,* 1 Idaho, 433.) It has also been settled by this court in *Fox v. West,* 1 Idaho, 782, that the exceptions which, by section 403 of the Civil Practice Act the adverse party is deemed to have taken, have the same force and effect in the conduct of the action as other exceptions taken during the trial, and cannot be considered on appeal without being incorporated into a bill of exceptions, and thus made a part of the judgment-roll.

With these adjudications upon these important questions of practice we are still satisfied. Sections 405 and 406 of the Civil Practice Act provide the modes for preserving exceptions in the cases therein mentioned; and section 653 provides that "on an appeal from a final judgment the appellant must furnish the court with a copy of the notice of appeal, of the judgment-roll, and of any bill of exceptions or statement in the case upon which the appellant relies." The exceptions which the law deems to have been taken by the defendants to the orders in the court below overruling the demurrers, not having been preserved and brought here for review by a bill

of exceptions, and assigned as error, these questions are conclusively settled, and cannot now be re-examined upon a new or independent objection raised by demurrer in this court. Final judgment was entered in open court, by an order of the court, and all intendments are in favor of its correct action.

Judgment affirmed.

Morgan, C. J., and Broderick and Buck, JJ., concurring.

### ON REHEARING.

Per CURIAM.—Since announcing the opinion in this case, the appellants, by their counsel, submitted a petition for a rehearing, and we were referred to additional authorities bearing upon the questions decided. After a further examination, we concede that, independent of the decisions already made, the principal question decided in this case—namely, that the order overruling the demurrer, and the exception thereto, should have been incorporated into a bill of exceptions to be available—would not be entirely free from doubt. The legislature may have intended that on appeal from a judgment everything in a transcript which belongs to or constitutes the judgment-roll should be considered by the appellate court in reviewing the action of the trial court, whether there is a formal bill of exceptions or not; but the statute does not say so. The authorities we find which have interpreted our statute are against the construction contended for by the appellant's counsel. Section 403 of our Civil Code corresponds to section 647 of the California Practice Act. In *Nash v. Harris,* 57 Cal. 242, 243, a construction was given to this section. The court say: "When the motion was argued and decided in the lower court, the attorney of the appellant was present, and reserved no exception to the decision of the court." But, according to section 647 of the Code of Civil Procedure, an appealable order "is deemed to have been excepted to." Yet a party who has excepted to a decision of a court, whether he excepted in person at the time the decision was made, or is deemed in law to have excepted, must, in statutory or reasonable time after his exception, avail himself of the right to reduce the same to writing, and take the steps required by law to have the bill of exceptions settled and signed by the judge."

Points decided.

In this territory the question seems to have just arisen in *Ainslie v. Printing Co.,* 1 Idaho, 641. In this case the court held that the verdict of the jury, although "deemed to have been excepted to," should have been incorporated into a bill of exceptions to make it available as an exception. In *Fox v. West,* 1 Idaho, 782, the question in another form was again raised, considered by the court, and the same conclusion reached as in the former case. This construction does not seem unreasonable. In those cases in which the statute requires the party to except, if he desires the question reviewed, the exception so taken will be unavailable unless incorporated into a bill of exceptions, and thus made a part of the judgment-roll; and we think, in those cases where the statute saves the exception for the party against whom the ruling is made, that unless the ruling and exception are, within the statutory time, preserved by bill of exceptions, the question should thereafter be deemed waived. (See *Grazidal v. Bastanchure,* 47 Cal. 167.) Under this construction of the statute a rule of practice has been established, and in the face of these authorities we do not feel warranted in attempting to change it.

Rehearing denied.

Morgan, C. J., and Broderick and Buck, JJ., concurring.