(February 25, 1885.)

## GUTHRIE v. FISHER.

[6 Pac. 111.]

SURETIES—UNDERTAKING FOR RELEASE OF ATTACHMENT.—Sureties on an undertaking given for the release of attached property cannot go behind the judgment to set any matter of defense to their liability which might have been pleaded in the original action.

ANSWER—STRIKING FROM FILES.—Where an answer is irrelevant it may, on motion, be ordered stricken from the files.

DEMURRER—RENEWING ON APPEAL.—Where a general demurrer is interposed in the trial court questioning the sufficiency of the complaint and the demurrer is overruled, and the ruling is not saved by bill of exceptions, such question is deemed adjudicated and the same objection to the complaint cannot be renewed in the supreme court.

(Syllabus by the court.)

APPEAL from District Court, Oneida County. Affirmed.

Prickett & Lamb, for Appellants.

A demand of the specific thing agreed to be performed by the covenant must be alleged and proved, otherwise no cause of action is stated. (*Nelson v. Bostwick,* 5 Hill, 37, 40 Am.

Dec. 310.) Sureties to an instrument cannot be charged or affected beyond the plain and necessary import of their undertaking; nor can a new term or condition be added to their stipulation. (*Smith v. United States,* 2 Wall. 219; *McClusky v. Cromwell,* 11 N. Y. 593; *Walsh v. Ballie,* 10 Johns. 181; *United States v. Jones,* 8 Pet. 399; *United States v. Boyd,* 15 Pet. 187; *Miller v. Stewart,* 9 Wheat. 702, 703.) If the allegation of the breach vary from the sense and substance of the contract, and be either more limited or larger than the covenant, it will be insufficient. (*Boston v. Spearman,* 9 Ad. & E. 298; 1 Chitty on Pleadings, 344.) Where a bond is conditioned for the performance of one thing or the other, so that the obligor may discharge the obligation by a compliance with one of the alternatives, a breach assigning a nonperformance of one of the alternatives only is bad. (*People v. Tilton,* 13 Wend. 599.) There is no right of action upon an undertaking until after an execution has been issued upon the judgment, and returned unsatisfied in whole or in part. (Code Civ. Proc., sec. 333; *Laforge v. Magee,* 6 Cal. 651; Estee's Pleadings, p. 526, sec. 1.) That judgment was suspended by the appeal and was not conclusive evidence of a debt due from Phelan & Ferguson to Guthrie, Dooly & Co. (*Knowles v. Inches,* 12 Cal. 212; *Woodbury v. Bowman,* 13 Cal. 635; *People v. Frisbie,* 26 Cal. 139; *Thornton v. Mahoney,* 24 Cal. 584.)

Smith & McCollum, for Respondent.

The judgment in the action in which the bond was given is conclusive on the sureties on an undertaking like this. (See *Riddle v. Baker,* 13 Cal. 295; *Chase v. Bernard,* 29 Cal. 138; *Ellis v. Hull,* 23 Cal. 160; *Pico v. Webster,* 14 Cal. 202, 73 Am. Dec. 647.) The answer of defendants was properly stricken from the files. The attempt to plead a pending appeal in the original case was of no effect, and should have been stricken out. It is needless to say that this was pleading a purely legal conclusion. The facts are that no appeal staying the judgment had been taken.

Per CURIAM.—This action is founded upon an undertaking given in an attachment suit brought by these plaintiffs against Phelan & Ferguson. The undertaking was given for the release from attachment of the property which had been seized by the attachment issued in the case, as the property of said Phelan & Ferguson, to secure the payment of any judgment which might be recovered in the action against them. By the undertaking the defendants promised that, in case the plaintiffs recovered judgment against Phelan & Ferguson in the action, they (Phelan & Ferguson) would, on demand, redeliver the property so released from the attachment to the proper officer, to be applied to the payment of the judgment, and that in default thereof these defendants would, on demand, pay to the plaintiffs the full value of the property released, not exceeding the sum of $1,150. In the attachment suit judgment was recovered against Phelan & Ferguson on the twenty-fifth day of May, 1883, and remained unsatisfied. This action was commenced on the seventeenth day of April, 1884. A general demurrer to the complaint was interposed in the trial court and overruled.

On the seventh day of June, 1884, the defendants filed an answer which alleged that the action in which the undertaking was given was prematurely brought upon a promissory note not due, and that on the twentieth day of May, 1884, an appeal was duly taken to the supreme court from the judgment of May 25, 1883, and that an undertaking was given on said appeal. On motion of the plaintiffs, the answer was stricken from the files as irrelevant, and the defendants were given one day to answer. On the next day thereafter, defendants declining to answer, a judgment was rendered against them, as demanded by the complaint. To the ruling of the court striking the answer from the files, and also to the entry of the judgment, the defendants excepted, and present these questions by a bill of exceptions for the consideration of this court. We do not think the exceptions well taken.

The answer did not aver that an undertaking had been given to stay the execution of the judgment, nor did it allege any facts that constituted a defense to the action, and we think it was properly stricken from the files. The questions raised by

the demurrer in the trial court have been argued here, but the ruling upon the demurrer and the exception thereto are not in form in the record to be reviewed, and by failing to preserve and present the questions in due form, the defendants are deemed to have waived the same, and cannot now by a new demurrer, interposed in this court, be heard to say that the complaint is insufficient. (*Fox v. West,* 1 Idaho, 782; *Guthrie v. Phelan,* ante, p. 95, 6 Pac. 107; *Nash v. Harris,* 57 Cal. 242.)

Order and judgment affirmed.

Morgan, C. J., and Broderick and Buck, JJ., concurring.