(February 8, 1886.)

## PURDUM v. TAYLOR.

[9 Pac. 607.]

BILL OF EXCEPTIONS—PRACTICE—APPEAL—REVIEW.—An exception to the order of the court sustaining a motion for judgment on the pleadings must be made a part of the record on appeal by bill of exceptions settled under section 406 of the Code of Civil Procedure before it will be reviewed on appeal.

(Syllabus by the court.)

APPEAL from District Court, Alturas County. Affirmed.

L. Vineyard and James H. Hawley, for Appellants.

A pre-emptor of public land cannot mortgage his interest before entry. (1 Jones on Mortgages, sec. 177.) The act of acquiring title by pre-emption is a personal privilege; but the applicant cannot transfer any right arising from his possession so as to vest it in another. (*Quinn v. Kenyon,* 38 Cal. 502; *Moore v. Besse,* 43 Cal. 514; *Bray v. Ragsdale,* 53 Mo. 170.) "Before a valid mortgage can be made of a pre-emption of public land, an entry of it according to law must be made." (Freeman on Executions, sec. 176.) The judgment on its face is void. (Freeman on Judgments, sec. 117.)

No brief of respondents on file.

BUCK, J.—This action was brought for the foreclosure of a mortgage. The defendants answered, alleging that the prem-

ises described .in the mortgage were, at the time of the execution thereof, public lands of the United States, upon which he was living as a pre-emptor. Upon the issues thus made, upon the motion of defendant, the court entered judgment on the pleadings. The appeal is from the judgment.

The order granting the motion for judgment on the pleadings was a final decision in the action, to which an exception is deemed to have been taken under section 403 of our Code of Civil Procedure. To make this exception available on appeal it should have been settled in a bill of exceptions under section 406 of the code, and made a part of the record. (*Guthrie v. Phelan,* 6 Pac. 107; *Guthrie v. Fisher,* 6 Pac. 111; *Ainslie v. Idaho World Printing Co.,* 1 Idaho, 641; *Graham v. Linehan,* 1 Idaho, 780; *Fox v. West,* 1 Idaho, 782; *Hemme v. Hays,* 55 Cal. 337.)

The ruling of the court upon the motion for judgment on the pleadings not being questioned in the record, we have only to look to the complaint to ascertain whether its allegations are sufficient to sustain the judgment. (*Ray v. Ray,* 1 Idaho, 705; *People v. Hunt,* 1 Idaho, 433.)

We think the complaint is sufficient, and the judgment is affirmed. (*Hyde v. Harkness,* 1 Idaho, 638.)

Hays, C. J., and Broderick, J., concurring.