(February 21, 1887.)

## BERRY v. ALTURAS COUNTY.

[13 Pac. 233.]

EXCEPTION TO ORDER SUSTAINING DEMURRER.—An exception deemed to have been taken to the order sustaining a demurrer should have been settled in a bill of exceptions and brought to this court. When it is not done the court will not consider it.

(Syllabus by the court.)

APPEAL from District Court, Alturas County.

J. H. Harris, for Appellant.

No authorities cited on point decided.

Richard Z. Johnson, Attorney General, for Respondent.

That the exceptions which, by section 403 of the Code of Civil Procedure, the adverse party is deemed to have taken, "cannot be considered on appeal without being incorporated

into a bill of exceptions, and thus made a part of the judgment-roll." (*Guthrie v. Phelan,* ante, p. 95, 6 Pac. 107, 109; *Guthrie v. Fisher,* ante, p. 111, 6 Pac. 111; *Purdum v. Taylor,* ante, p. 167, 9 Pac. 607; *Fox v. West,* 1 Idaho, 782.)

HAYS, C. J.—The plaintiff commenced his action in the district court. Defendant demurred to the complaint, for the reason that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained. Plaintiff not amending, a judgment was entered in favor of defendant, from which judgment plaintiff appealed. No bill of exceptions was settled, and none is brought to this court. We had supposed the practice to be settled in this territory that the exceptions which, by section 403 of the Code of Civil Procedure, the adverse party is deemed to have taken, cannot be considered on appeal without being incorporated into a bill of exceptions, and thus made a part of the judgment-roll. (*Fox v. West,* 1 Idaho, 782; *Guthrie v. Phelan,* ante, p. 95, 6 Pac. 107; *Guthrie v. Fisher,* ante, p. 111, 6 Pac. 111; *Purdum v. Taylor,* ante, p. 167, 9 Pac. 607.)

Many questions of practice have been settled here. They should be observed by the profession, and adhered to by the courts, unless changed by legislative enactment. Prudence would seem to dictate the necessity of a careful observance of them, as the danger of looking too far from home for rules of practice must be apparent to the thoughtful practitioner.

The record failing to bring before us the points discussed, and no error being apparent, the judgment must be affirmed.

Buck and Broderick, JJ., concurring.