MORRIS, RESPONDENT, *v.* BURKE, APPELLANT.

[Submitted January 16, 1895.  Decided January 21, 1895.]

PRACTICE—*Control of jury over verdict.*—When a verdict is rendered and recorded the jury is *functus officio.* Prior to that time the verdict is in the control of the jury in some respects, but after those events the province of the jury is exhausted.  (*In re Thompson,* 9 Mont. 381, cited.)

SAME—*Informal and insufficient verdict—Refusal to receive verdict.*—The practice permitted by section 271 of the Code of Civil Procedure, providing that "if the verdict be informal or insufficient in not covering the whole issue or issues submitted, or in any particular, the verdict may be corrected by the jury under the advice of the court, or the jury may be sent out again," is to prevent irregular, informal, and insufficient verdicts from being received and recorded, and is not to be extended so far as to authorize the court to refuse to receive a verdict for the plaintiff for a sum less than that claimed by him, on the ground that, under the evidence, if the plaintiff is entitled to a verdict at all it must be for the full amount claimed.  The proper remedy in the latter case is to have the verdict set aside on motion for a new trial.

*Appeal from Eighth Judicial District, Cascade County.*

ACTION for the recovery of money.  Judgment was rendered for the plaintiff by BENTON, J.  Reversed.

Statement of the case by the justice delivering the opinion:

This action was brought by plaintiff to recover from defendant moneys which he was alleged to have obtained from her by fraudulent representations when acting as her agent.  The court instructed the jury upon the question of agency, and told them, in effect, that if they believed from the evidence that the agency was established, and if they believed certain other facts named, they should find for the plaintiff for one hundred dollars.  The instructions practically put the case to the jury that they must find for the plaintiff for one hundred dollars or nothing; that is, for the plaintiff for one hundred dollars, or for the defendant for his costs.

The jury came in with a verdict for plaintiff for fifty dollars. The following proceedings then took place, as recited in the bill of exceptions: "Whereupon the court examined said verdict, and, in the absence of the defendant and his attorney, refused to accept said verdict, and further instructed said jury in the following language: 'I don't think I can receive this verdict, for this reason: I don't think there is any evidence to

justify the verdict for the sum named in the verdict. That the plaintiff is entitled, if she is entitled to a verdict at all, for the sum of one hundred dollars and interest, or the defendant is entitled to a verdict.' Whereupon a juror remarked, 'I don't think it is possible for us to come to an agreement.'

*The Court.* 'I shall be obliged to ask you to return to your room, and do the best you can.'"

The jury again retired, and afterwards brought in a verdict for the plaintiff for one hundred dollars. The defendant complains that it was error of the court to refuse to receive the first verdict, and send the jury back for further consideration.

*Thomas E. Brady,* for Appellant.

The court erred in refusing to receive the first verdict agreed upon by the jury, and in instructing the jury that the plaintiff was entitled to one hundred dollars and interest if she was entitled to any thing. Although a court has power to require a jury to put an informal verdict into proper form, yet, where a verdict is presented in proper form, it is error for the court to refuse to receive it and to require the jury to alter the substance of the verdict. (*McConnell* v. *Linton,* 4 Watts, 357; *Frost* v. *Ainslie Lumber Co.,* 3 Wash. 241; *Hatch* v. *Attrill,* 18 N. Y. 383.)

DE WITT, J.—We are of opinion, from the examination of the pleadings and evidence and the record, that the court correctly instructed the jury, on the trial of the case, that, according as they were satisfied by the evidence, they should find either for the plaintiff for one hundred dollars or for defendant for his costs.

The question presented is whether the court erred in refusing to receive the first verdict. Our statute provides as follows: "If the verdict be informal or insufficient in not covering the whole issue or issues submitted, or in any particular, the verdict may be corrected by the jury under the advice of the court, or the jury may be again sent out." (Code Civ. Proc., § 271.) "When a verdict is rendered and recorded, and the jury discharged, the jury is *functus officio.* Prior to that time

the verdict is in the control of the jury in some respects. After those events the province of the jury is exhausted." (*In re Thompson*, 9 Mont. 381.) In many respects the jury have control of their verdict until it is recorded. (*Walters* v. *Junkins*, 16 Serg. & R. 414; 16 Am. Dec. 585; *Snell* v. *Bangor Steam Nav. Co.*, 30 Me. 337; *Root* v. *Sherwood*, 6 Johns. 67; 5 Am. Dec. 191; *Burk* v. *Commonwealth*, 5 J. J. Marsh. 675.) But in the case at bar the question was not the desire of the jury to hold control over or to alter their verdict before it was recorded. They did not want to alter it. In fact one juror said to the court that he thought they could not be able to agree upon any change in the verdict as originally offered. Therefore the matter of the right of the jury to alter their verdict before recording is not here the question.

Without a statute similar to ours above cited it has been held that an informal verdict may be corrected. (Cases last cited; and, also, *Cook* v. *State*, 26 Ga. 593; *State* v. *Waterman*, 1 Nev. 551; *Osgood* v. *McConnell*, 32 Ill. 74; *Hadley* v. *Heywood*, 121 Mass. 236; *Coffee* v. *Groover*, 20 Fla. 64; *Little* v. *Larrabee*, 2 Greenl. 37; 11 Am. Dec. 43; *Perkins* v. *Wilson*, 3 Cal. 137.) In fact, our statute is to some extent rather a declaration of existing principles than the introduction of any wholly new principles or doctrine.

While the verdict may be amended in form, yet it is held that it cannot be altered or changed in substance. (*McConnell* v. *Linton, supra; Little* v. *Larrabee, supra;* and *Perkins* v. *Wilson, supra.*) Our statute provides that the jury, under the advice of the court, may correct their verdict, or may be again sent out, under certain conditions. Those conditions are, if the verdict proffered is informal, or insufficient in not covering the whole issue submitted, or in any particular. The verdict in the case at bar was certainly not sustainable under the law and facts if it had been attacked on motion for new trial. But the verdict was not informal. It was perfectly formal and regular. Its intention was unmistakable. No one could conjure up a doubt as to what it intended. The jury plainly intended to give the plaintiff fifty dollars. No language could have expressed this intent more clearly. Nor was the verdict insufficient in not covering the issue presented. The only

trouble was that, in the opinion of the court, it wrongly decided the issue. The issue was a debt from defendant to plaintiff. The jury found the debt and the amount. It is true that, if they found the debt at all, they ought, under the facts and the law, to have found it to be one hundred dollars. The verdict was an erroneous one, and was doubtless a compromise, but it was not what the statute contemplated as an insufficient verdict. It was not insufficient in neglecting to find upon a matter that had been presented to the jury. Illustrations of insufficient verdicts may be noted in *Hadley* v. *Heywood, supra,* and *Perkins* v. *Wilson, supra.*

The fact is that the court refused to receive the verdict, not because it was insufficient or informal, but the real ground of the refusal was the insufficiency of evidence to justify the verdict, and that it was against the law. But this is a ground for a motion for a new trial. (Code Civ. Proc., § 296, subd. 6.) A motion for a new trial is a matter of some formality. A statement is prepared and carefully settled, and the case is usually heard by the court with both sides represented by counsel, and, if either party is dissatisfied, an appeal is taken to the supreme court upon the record so made up. But the court, in the case at bar, in refusing to receive the verdict, acted upon precisely the same ground which is one of the principal reasons for granting a motion for a new trial. It is our opinion that a question of so serious an import as setting aside a verdict because the evidence was insufficient to sustain it, or that it was against the law, the code intended should be carefully heard and deliberately determined by the district court on a motion for a new trial, and not by the simple act of refusing to receive a verdict. In this view, the provisions of section 271 of the Code of Civil Procedure still have a meaning, and, it appears to us, a very clear one. The idea is this: That, lest a party should be unreasonably put to the labor of making a motion for a new trial by reason of a clerical error or informality having occurred in the verdict, or because the jury inadvertently omitted to find upon an issue presented, then, as a remedy against such accidents, we have the provisions of section 271, allowing such informalities to be corrected before they had gone too far. The intention of the statute is

well expressed in an old and leading case, which is still often quoted. We cite therefrom as follows: "The questions are whether the court can permit the verdict so to be amended or altered as that it may stand a verdict in favor of the tenant, and, if not, then what is the proper course to be pursued? The decision of these questions depending on precedents, we have examined the authorities relating to the subject, and will now state the result. There are two classes of cases to be found in the books respecting erroneous or defective verdicts. The first class contains those cases in which the incorrectness or defectiveness of the verdict or error in the record of the judgment consists in some thing merely formal, and which has no connection with the merits of the cause; where the amendment, when made, in no respect impairs or changes the rights of the parties, but may only prevent a disturbance of the proceedings by writ of error, or, by correcting clerical mistakes, render the record consistent, and the verdict pursuant to the issue. Of this description are the following cases: 1 Salk. 47, 53; Cro. Car. 144, 338; Cro. Eliz. 112, 677; Cro. Jac. 239; 1 Ld. Raym. 335; 2 Strange, 1197; 4 Coke, 52; Bulst. 181; Het. 52; and numerous others which it is unnecessary to cite." (*Little* v. *Larrabee, supra.*)

As is indicated in the views expressed in the Maine case, above quoted, and as we believe is held by the weight of authorities, such a practice as that permitted by the provisions of section 271 is to prevent irregular, informal, and insufficient verdicts from being received and recorded, to the end that parties may not be required to move for a new trial or to appeal upon grounds which were never within the contemplation of the jury in finding the verdict. It is true that there are cases—some among those cited above—where courts have been sustained in refusing to receive verdicts where the facts came very close to being such as should have been reviewed only on a motion for new trial; and, indeed, in the case at bar, we confess a reluctance to reverse the judgment. The case was correctly tried in all respects save this one. But we feel that we must reverse the judgment, or otherwise we should tend to establish the rule that the district court may refuse to receive a verdict whenever the judge considers that such verdict,

if received, should be set aside on motion for new trial. We think that such practice is not intended by the code, for, if it were, the provisions for motions for new trials would not have been framed as they are. The judgment is reversed, and the case remanded for new trial.

*Reversed.*

