## McKay v. Batchellor.

Distress *for school tax — whether it must be made in the school district.* The act of 1870 to provide for common schools (8 Sess. 131) confers no authority upon the secretary of a school district, proceeding to collect a tax regularly levied in his district, to distrain property outside of the district.

The district having been divided, and the *locus in quo* set off into another district after the tax was levied and before the property was seized by the secretary, the rule is the same.

Tax — *whether it is a lien upon personal property before seizure.* A tax levied for school purposes does not become a lien upon personal property in virtue of the assessment merely, but only upon seizure, there being nothing in the statute upon the subject.

Replevin — *whether it lies for property seized without the school district.* Property distrained without the district is not taken for a tax assessment or fine within the meaning of the act regulating the action of replevin (R. S. 538), and that action may be maintained to recover possession of it.

### *Error to District Court, Arapahoe County.*

The action was replevin to recover possession of a wagon, and plaintiff in error, who was defendant in the court below, pleaded, 1, *non detinet;* and 2, substantially as follows:

That at the time when, etc., defendant was secretary of School District No. Three (3), in Arapahoe county, Colorado, that a special school meeting was regularly called to meet October 21, 1871, for purpose of levying special school tax; that said meeting was held and a special tax of ten mills on the dollar was duly voted; that on November 15, 1871, defendant, still being secretary, posted up a list of the

persons taxed as aforesaid, at three places in said school district, with the amount of tax due from each person; that on February 6, 1872, a warrant of that date to collect said tax came into defendant's hands, as secretary aforesaid, signed by the president of said school district, and countersigned by the secretary, authorizing defendant to demand and receive of every person named in said list so posted up, the sum taxed against such person, and if any person neglected or refused to pay the same when called on, to collect the same by distress and sale of the goods and chattels of such person found within said school district; that plaintiff's name was on said list so posted up, and he was at the time of the voting of said tax, and at the time of posting of said notices, the owner of taxable property, real and personal, within said school district, of the value of $3,400, and a resident of said district, and was charged on said list with the sum of $34, tax levied upon his said property, which said tax was due and unpaid; that defendant demanded of plaintiff the payment of said tax, which plaintiff refused, and afterward, in the life-time of said warrant, and by virtue of the laws of Colorado Territory and by authority of said warrant, within said school district, defendant did take and distrain the said goods and chattels of plaintiff, for the tax so due as aforesaid.

To this the plaintiff replied, amongst other things, that the said goods were not taken within the said school district, and hereon issue was joined, and also upon the plea *non detinet*. The plaintiff further replied *de injuria*, upon which issue was joined.

At the trial it appeared that a special school tax was levied on the 21st October, 1871, in school district No. 3, Arapahoe county, and that plaintiff (Batchellor), at that time, and subsequently, until the day of trial, resided on section 36, Town. 2 S., R. 68 W., which was then a part of said district. That the sum of $34 was assessed against plaintiff upon property by him then held within the district. That December 13, 1871, a new district was organized by the county superintendent of schools, designated as No. 16, of which the

said section 36 was a part.   That defendant McKay, being
secretary of district No. 3, on the 29th of March, 1872,
seized the wagon in controversy, to satisfy the said tax
levied in district No. 3, the said wagon being, at the time of
seizure, on the premises of said Batchellor, and within the
new district No. 16.   Upon such evidence, the court before
whom the cause was tried without a jury, gave judgment
for the plaintiff, and the defendant sued out this writ of
error.

The statute regulating the manner of collecting taxes for
school purposes (8 Sess. 144) contains the following :

" Should any one, when called on, neglect or refuse to
pay such tax, the secretary shall proceed to collect the same
by distress and sale of goods and chattels found within the
district, having first posted up, at least ten days previous,
notice of such sale, in three or more public places in the
district."

Chapter 74, R. S., entitled " Replevin," requires the plaintiff
in replevin, or some one in his behalf, to make oath that the
goods have " not been taken for any tax, assessment or fine
levied by virtue of any law of this Territory."

Mr. J. W. Horner, for plaintiff in error.

Mr. Alfred Sayre, for defendant in error.

Hallett, C. J.   Plaintiff in error, as secretary of school
district No. 3, in Arapahoe county, distrained the wagon in
controversy to satisfy a tax levied against the defendant in
error in that district, pursuant to the statute of 1870.  8 Sess.
131.   To a plea setting up these facts defendant in error
replied de injuria, and that the goods were not taken within
the district.   It appears that after the tax was levied and
before the wagon was distrained the district was divided by
the county superintendent of schools, and that part in which
defendant in error resides was set off into a district by itself.
By the 11th section of the act above mentioned, power is
conferred upon the county superintendent to divide the

county into school districts, and to alter and change the boundaries of districts from time to time as the convenience of the inhabitants may require, and this power having been exercised, it appears to be impossible to say that the original boundaries of the district may be maintained for the purpose of collecting a tax levied before the change was made. The 31st section confers authority to collect the tax by distress and sale of goods and chattels found within the district, and the secretary has no other authority in that behalf. Although the tax may have been regularly assessed, the secretary has no authority to go out of his district to enforce payment of it. The rule may be otherwise as to a tax against real estate, which is a lien upon the property from the date of the levy. *Moss* v. *Shear*, 25 Cal. 38.

As to personal property, however, there can be no lien until seizure, unless it is given by statute. 2 Dill. Corp., § 659. The tax assessed generally against defendant in error did not become a lien upon his personal property, and no right was acquired by the assessment, merely, to seize the wagon wherever it should be found. We have no difficulty in saying that the seizure without the district was unauthorized, but it is not so clear that the question may be raised in this form of action. The statute relating to replevin (R. S. 538) plainly prohibits this remedy in every case where property has been seized for a tax, assessment or fine levied under a law of the Territory. *Styles* v. *Griffith*, 3 Yates, 82; *People* v. *Albany*, 7 Wend. 484; *Mt. Carbon Co.* v. *Andrews*, 53 Ill. 176. That the principle extends to the seizure as well as the assessment, and equally forbids all questions respecting the validity and regularity of the warrant and of the assessment, we freely concede, but obviously there must be some color of authority for making the seizure. For instance, it has been held that where the warrant was issued without jurisdiction, and where the statute under which the assessment was made, was unconstitutional, replevin would lie. *Morford* v. *Unger*, 8 Iowa, 82; *Wright* v. *Briggs*, 2 Hill, 77; *Hudler* v. *Golden*, 36 N. Y. 446. If this were not the rule, a defendant in replevin

might always defeat the action by pretending that the property had been taken to satisfy a tax.    An officer without his bailiwick is utterly without authority, and cannot, therefore, justify under process.    Although professing to act in virtue of the assessment, it cannot be truly said that plaintiff in error, when without his district, could seize property under the authority of the law, and, therefore, his plea was well answered by the replication that the property was taken without the district.    Perhaps this replication amounts to no more than the other, for plaintiff in error could not be required to show more than that the property was taken under color of authority for the purpose of collecting a tax, and if the seizure had been made within the district, this result would have been accomplished.    But the evidence was clear to the point that the property was in fact taken without the district, as established at the time of the taking, and this, we think, is enough to support the judgment of the court.

The judgment is affirmed, with costs.

*Affirmed.*