GEORGE CRISMON, Assessor, etc., and SALT LAKE COUNTY, et al., Appellants, v. FREDERICK REICH et al., Respondents.

1. Suit by County for Taxes.—When ample powers and means are afforded by statute for the collection of taxes without suit, and when there is no statute providing for suit to be brought for taxes, no action can be maintained therefor.

2. Misjoinder of Plaintiff in Tax Suit.—Where suit is brought for taxes, it is improper for the County Assessor and Collector to join the county with him as co-plaintiff.

3. Parol Evidence to Explain Tax List.—Parol evidence is inadmissible to show what the figures in the columns headed "valuation," on the assessment roll, signify.

Appeal from the Third Judicial District Court.

The facts are stated in the opinion of the court.

*Snow & Snow,* for appellant.

The joinder of the Territory and county as parties plaintiff was proper, if, under the tax law, the assessment of a tax, without description of the land, constitutes a lien upon real estate, because their interests, or equities rather, were equal; neither has a priority over the other; the assets from a sale must be marshaled, and if insufficient to pay the whole, must be applied *pro rata;* and the plaintiffs had a right to test this question of lien or no lien by this joinder of plaintiffs.

The main questions raised by the demurrer are, we take it, the right to maintain a suit for a tax, and whether a tax, under the method of assessment and levy adopted, constitutes a lien upon the real estate.

Upon the question of the right of the State, county or municipality to sue for taxes, the courts of the different States are not uniform in their opinions. In Maryland, Louisiana and Texas the courts have uniformly held that a tax of itself raises

an assumpsit between the citizen and the State upon which an action of debt will lie without special statutory authority; treating the summary statutory remedy as cumulative merely. *Deegan* v. *Baltimore*, 1 Gill. & J. 499; *Gordon* v. *Batimore*, 5 Gill. 236; *Baltimore* v. *Howard*, 6 H. & J. 383, 394; *Eschbach* v. *Pitts*, 6 Md. 71; *State* v. *Steamship Co.*, 13 La. Ann. 497; *State* v. *Willlliams*, 8 Texas, 384.

These cases, not being accessible, have been cited on the authority of Cooley and Dillon. Cooley on Taxation, 13, note 1; 2 Dillon's Mu. Cor. 750, § 655, note 3.

In California taxes are made a personal judgment against the person and a lien upon the property assessed. Woods' Digest, 623, § 32; Revenue Act 1857.

Under the Revenue Acts of 1854 and 1857 of that State, and the construction placed upon them by the courts, rural lands, lands outside of city limits, were not required to be described by metes and bounds in the assessment roll. Woods' Digest, 615, 616, § 4; *High* v. *Shoemaker*, 22 Cal. 372; overruling *Lachman* v. *Clark*, 14 Cal. 131; *Patten* v. *Green*, 13 328; *Palmer* v. *Boling*, 8 Cal. 388, construing the act of 1854.

And the fact that description by metes and bounds is not required by the statute nor ever made when listing or assessing rural property, does not affect or invalidate the lien for taxes. *High* v. *Shoemaker*, 22 Cal. 372, 373.

*J. D. Lomax*, for respondents.
No brief on file.

SCHAEFFER, C. J., delivered the opinion of the court.

This suit was brought by Salt Lake County, and the Territory of Utah and George Crismon, assessor and collector, etc., against the defendants Frederick Reich and his wife Margaret Reich, for taxes alleged to be due. The complaint charges, in substance, that in 1872 one Robert Golding was duly appointed assessor and collector of Territorial and county taxes for Salt Lake County. That in 1873 he, the said Golding, as

such assessor and collector, having duly qualified, made an assessment against the defendant Frederick Reich for ten thousand valuation of land claims and improvements—land not described—for valuation of cattle, 30; for two horses, 100; for vehicles, 75; and 100 for the value of taxable property not enumerated; total assessment, 10,305. (It will be observed that there is no mark, word or other indication whether the valuation was in dollars or something else.) The complaint then on information and belief describes the land claims supposed to be assessed; and on like information and belief, avers that the defendant Margaret Reich, the wife of the defendant Frederick Reich, has some interest in said real estate. That said Golding did not collect the tax which was duly levied on said assessment, and that the same are still due, a part to the said county and a part to said Territory; and that in September, 1876, the said Golding assigned the same to the said Salt Lake County. And that the plaintiff, George Crismon, is now the assessor and collector of Territorial and county taxes for said Salt Lake County, and then prays for judgment, etc.

To this complaint the defendants demurred, and assigned for causes of demurrer:

*First*—That the court had no jurisdiction of the subject matter of the action.

*Second*—That plaintiffs have no legal capacity to sue.

*Third*—Misjoinder of parties plaintiff.

*Fourth*—Misjoinder of parties defendant.

*Fifth*—Complaint does not show a legal assessment.

*Sixth*—Complaint does not state facts sufficient to constitute a cause of action.

The court below sustained the demurrer and dismissed the suit at the costs of plaintiffs. From this judgment this appeal is taken.

We have not been referred to any statute authorizing the county of Salt Lake or the Territory of Utah to sue for taxes; nor do we think any such statute exists; and, so far as we have

been able to learn, there is no statute of this Territory authorizing the collector of taxes to sue for the same. Sections 353 and 360, of the Compiled Laws of Utah, afford ample and even summary powers and means for the collection of taxes without suit; and we think the rule is well settled that when ample powers and means are afforded by statute for the collection of taxes without suit, and when there is no statute providing for suit to be brought for taxes, no action can be maintained therefor. Cooley on Taxation, 13, 300, and cases there cited.

This case might be disposed of by what we have said, without referring to the other causes assigned in the demurrer, most of which other causes might perhaps have been cured by amendment; but we will add that there evidently was a misjoinder in parties both plaintiff and defendant, and we think that the assessment as described in the complaint was so imperfect in description and valuation that no suit could be maintained thereon, even if authority to sue were otherwise granted. *Woods* v. *Freeman*, 1 Wall. 398.

Parol evidence is inadmissible to show what the figures in the columns headed " valuation" on the assessment roll signify. *City of Chicago* v. *Walker*, 24 Ill. 494; *Braly* v. *Seaman*, 30 Cal. 610.

We have discovered no error in the proceedings or judgment of the District Court herein, and therefore the judgment of the District Court should be affirmed.

EMERSON and BOREMAN, J. J., concur.