## JAMES SWEENEY v. ROBERT STROUD.

The defendant gave a bond in the penal sum of $10,000, conditioned to be void on payment of $5,000 and interest, with an agreement added that if judgment should be obtained by virtue of the warrant of attorney annexed thereto or certain other specified events should occur, an attorney's fee of five per cent. should be payable, and should be recovered in addition to all principal, interest and costs of suit. Annexed to the bond was a warrant authorizing any attorney to appear for the obligor, in case of the breach of the condition of the bond, and confess judgment for the penalty.—*Held*, that the warrant of attorney did not authorize the confession of judgment for the five per cent. fee.

On motion to set aside judgment entered on bond and warrant.

Argued at June Term, 1892, before Justices DIXON and WERTS.

For the plaintiff, *Thomas B. Harned.*

For the defendant, *Joseph Thompson.*

The opinion of the court was delivered by

DIXON, J. The defendant having obtained a rule to set aside a judgment entered against him in this court upon a bond and warrant of attorney, now moves to make the rule absolute.

The brief of counsel bases the motion upon certain proceedings in the Court of Chancery, the effect of which is claimed to be a complete satisfaction of the bond; but, as no proofs have been taken under the rule, those proceedings are not before us, and, consequently, the foundation of fact necessary for the support of his argument is wanting.

But upon the face of the papers, by virtue of which the judgment was entered, it appears that the judgment is unwarranted.

It was entered for the penalty of a bond in the sum of $10,000, conditioned to become void on payment of $5,000 and interest. After the condition, the instrument contains the following clause : "And provided further, however, and it is hereby expressly agreed, that if at any time hereafter by reason of any default in payment either of said principal sum at maturity, or of said interest within the time specified, suit should be brought in any court for the amount of such principal sum and interest, or judgment should be obtained by virtue of the warrant of attorney annexed thereto, or proceedings to foreclose this the accompanying mortgage should be had, an attorney's fee of five per cent. for collection should be payable by reason of such suit, judgment or proceeding, and should be recovered in addition to all principal, interest and taxes then due, besides costs of suit, as in and by the said recited obligation and condition thereof, relation to the same being had, may more fully and at large appear."

The accompanying warrant of attorney authorized an appearance for the obligor, *in case of the breach of the condition of the above bond,* and a confession of judgment *for the penalty therein contained.*

The plaintiff's affidavit, upon which the judgment was confessed, alleges that he had taken proceedings to foreclose the mortgage, and thereupon he claims the five per cent. mentioned in the recited agreement.

There is nothing in this agreement which changes the condition of the bond, or indicates that the five per cent. was to be secured by the penalty or covered by the warrant of attorney. The condition still remained merely the payment of the $5,000 and interest; on compliance with that the penalty became void, and only in case the penalty was incurred did the warrant authorize a confession of judgment. Indeed the agreement itself quite clearly manifests a purpose not to have the five per cent. for which it provides embraced in the warrant. One of the contingencies upon which the five per cent. fee is to become payable is the obtaining of judgment by virtue of the warrant. Under our statute, the plaintiff, before the judg-

ment is obtained by confession, must swear that the debt, for which it is to be confessed, is justly and honestly due and owing. This would not be true of a contingent debt which was to become due only on the entry of the judgment. Consequently, such a debt could not be covered by the judgment.

If, according to the terms of this agreement, the warrant did not authorize a confession of judgment for the five per cent. fee, in case that fee became payable by the happening of the contingency above mentioned, then it did not authorize such a confession in case of either of the other contingencies; the rights of the plaintiff under the agreement were precisely the same in each event.

The motion to set aside the judgment must be granted, with costs.

Whether the five per cent. stipulated may be recovered in an action on the agreement is another question, which we do not decide.