(December 17, 1898.)

## PALMER v. PETTINGILL, Assessor.

[55 Pac. 653.]

BILL OF EXCEPTIONS—SECTION 4427 OF THE REVISED STATUTES CON-STRUED.—Under the provisions of section 4427 of the Revised Statutes, 1887, an order overruling or sustaining a demurrer need not be embodied in a bill of exceptions to be reviewed on appeal. If the same appears in the records or files, it may be reviewed on appeal, as though settled in a bill of exceptions.

RECEIVER—TAXES—ASSESSMENT.—When money or property in litiga-tion is in the hands of a receiver of the court, and is assessed to such receiver, the taxes must be paid thereon by the receiver under the direction of the court.

SALE OF PERSONAL PROPERTY IN HANDS OF RECEIVER FOR TAXES.—Personal property in the hands of such receiver is not subject to seizure and sale for the collection of the taxes thereon.

TAX LIENS.—The only tax liens in this state are those created by statute.

SAME.—Section 1413 of the Revised Statutes makes every tax due on personal property a lien upon the real property of the owner.

SAME—WHEN TAX LIEN ON PERSONAL PROPERTY.—The tax levied on per-sonal property is not a lien thereon, at least until such property has been seized by the tax collector for the purpose of making the tax by sale of the property.

SURETIES—LIABILITY.—The sureties of an officer mentioned in section 403 of the Revised Statutes are liable to any person injured or aggrieved by a wrongful act done by the officer in his official capacity.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

Hawley & Puckett, for Appellants.

We claim that a tax upon personal property is a lien upon the property assessed while it remains in the county where it is

assessed; that the respondent should have paid the tax under protest and then sued to recover it back; that the bondsmen are not liable for the acts of appellant Pettingill in seizing the property assessed.   Revenue laws should be given a fair and liberal construction to effect the end for which they were intended. (*United States v. Hodson,* 10 Wall. 395-406; *Cliquot's Champagne,* 3 Wall. 114-144; *Cornwall v. Todd,* 38 Conn. 443-448; *State v. Taylor,* 35 N. J. L. 184-190; Endlich's Interpretation of Statutes, secs. 245-265, and cases therein cited.)   We contend that should it be held that the appellant Pettingill acted illegally in seizing and selling the property, he acted in a ministerial capacity, and not judicially, and therefore his bondsmen are not liable for such acts.   (*Ford v. McGregor,* 20 Nev. 446, 23 Pac. 508.)

N. M. Ruick, for Respondent.

This being an appeal from the judgment only and there being no statement or bill of exceptions in the record, the court will review such errors only as may appear from an inspection of the judgment-roll.   (*McBee v. Randall,* 41 Cal. 136; *Gregory v. Nelson,* 41 Cal. 278, 282; *Emeric v. Alvarado,* 64 Cal. 529, 594, 2 Pac. 418.)   At the time the assessment was made, the property was in the possession of a receiver appointed by the court, and the same was properly assessed to him.   (Idaho Rev. Stats., sec. 1448.)   The taxes should have been paid by the receiver under the direction of the court.   (Idaho Rev. Stats., sec. 1448.) The property being in the custody of the law was not liable to seizure and sale.   (25 Ency. of Law, 309; *Yuba Co. v. Adams,* 7 Cal. 35; *County etc. v. Clarke,* 36 Md. 206.)   A tax is not a lien upon personal property in Idaho until actual levy and seizure.   (Idaho Rev. Stats., "Liens," 1412-1414; 25 Ency. of Law, 270, 271; *McKay v. Bachellor,* 2 Colo. 593; *State v. Rowse,* 49 Mo. 586, 593; *George v. St. Louis Cable Co.,* 44 Fed. 117; *State v. Goodnow,* 80 Mo. 271, 275; *Greeley v. Provident Sav. Bank,* 98 Mo. 460, 11 S. W. Rep. 980; *Parsons v. Allison,* 5 Watts (Pa.), 72, 76; *Mooore v. Marsh,* 60 Pa. St. 46.)   Property of a delinquent taxpayer cannot be seized in the hands of a *bona fide* purchaser for value, unless the tax is a lien upon it.

(25 Ency. of Law, 308, 309; *Maist v. Bird,* 22 Fed. 180; *Moore v. Marsh,* 60 Pa. St. 46; *Jacob v. Preston,* 31 La. Ann. 517; *George v. St. Louis Cable Co.,* 44 Fed. 117; *Lammon v. Feusier,* 111 U. S. 17, 22, 4 Sup. Ct. Rep. 286; *State v. Jennings,* 4 Ohio St. 418.) The act of the defendant Pettingill in this case in seizing and selling the property of a third person constituted him a trespasser, and an action of trespass was the proper remedy. (25 Ency. of Law, 602-604; *State v. Connover,* 28 N. J. L. 224, 78 Am. Dec. 54; *Pike v. Colvin,* 67 Ill. 227; *Boulware v. Craddick,* 30 Cal. 190; *Markley v. Rand,* 12 Cal. 267; *Yarborough v. Harper,* 25 Miss. 112; *Weston v. Dorr,* 25 Me. 176, 43 Am. Dec. 259; *Weber v. Henry,* 16 Mich. 399.) The measure of damages in such case, where no wrongful or malicious intent is shown is the value of the property. (*Dorsey v. Manlove,* 14 Cal. 553; *Phelps v. Owen,* 11 Cal. 22.)

SULLIVAN, C. J.—This is an action for damages against the assessor, *ex-officio* tax collector, of Ada county, and his bondsmen, for the seizure and sale of certain personal property, consisting of a stock of merchandise, for taxes for the year 1897. The property originally belonged to the Hickok Mercantile Company, Limited. On the application of certain creditors of said corporation, the district court in and for said county appointed F. C. Ramsey, as receiver. He qualified and took possession of said property on the eleventh day of May, 1897. On the seventeenth day of May, 1897, the said assessor assessed said property to the Hickok Mercantile Company, Limited; F. C. Ramsey, receiver. The said receiver continued in the possession thereof, selling and disposing of the same under the order of said court, until about the 20th of August, 1897, when said court ordered said receiver to, on the 1st of September, 1897, sell whatever remained of said stock of goods and book accounts to the highest bidder for cash. And such proceedings were had under said order of sale that the plaintiff, who is respondent here, became the purchaser of what remained of said stock of goods, book accounts, etc., and took possession thereof. It appears that the said receiver had sold about two-thirds of said stock of goods after said assessment was made, and prior to the sale of said goods and merchandise to the respondent as

above set forth.   On the fifteenth day of December, 1897, the
said assessor seized the goods so sold to the respondent, and took
them from him, claiming to act under and by virtue of the as-
sessment aforesaid, and the law in such cases made and provided,
and sold and disposed of a sufficient portion of said goods to
pay the amount of the taxes claimed to be due under the assess-
ment aforesaid.   The damages claimed are the value of the prop-
erty taken and sold, alleged to have been $323.32, and fifteen
dollars for storage.   The cause was tried by the court without
a jury, and the court made its findings of fact and conclusions
of law, and entered judgment in favor of the respondent for
$263.32 damages and costs.

The appeal is from the judgment on the judgment-roll, which
contains no bill of exceptions.   Counsel for respondent contends
that all of the points relied on by the appellants arose on demur-
rer, and that the order overruling the demurrer should have been
brought here by bill of exceptions or statement, and cannot be
heard in the court for that reason, and cites *Berry v. Alturas Co.,*
2 Idaho, 296, 13 Pac. 233.   That decision was rendered by the
territorial supreme court in February, 1887, under section 403
of the Code of Civil Procedure of 1881.   That section was
amended subsequent to the rendition of said decision, and is now
section 4427 of the Revised Statutes of 1887, which went into
effect June 1st of that year.   The amendment provides, among
other things, that an order sustaining or overruling a demurrer
need not be embodied in a bill of exceptions, but the same, ap-
pearing in the records or files, may be reviewed upon appeal
as though settled in a bill of exceptions.   Said amendment does
away with respondent's contention.

Counsel for appellants contend that a tax on personal prop-
erty is a lien upon such property while it remains in the county
where it is assessed.   In other words, were the taxes so assessed
a lien upon the property to the extent that the assessor could
seize and sell it, so long as it was in the county where assessed,
although it had passed into the hands of an innocent pur-
chaser for a valuable consideration?   When such property was
assessed, it was in the hands of F. C. Ramsey, receiver, and as-
sessed to the "Hickok Mercantile Company, Limited; F. C.

Ramsey, receiver"—and properly so, under the provisions of section 1448 of the Revised Statutes, which is as follows: "Money and property in litigation in possession of a county treasurer, of a court, clerk or receiver must be assessed to such treasurer, clerk or receiver and the taxes paid thereon under the direction of the court." Said property was assessed on the seventeenth day of May, 1897, and was then in the hands of the receiver, and remained in his hands (except such as he sold under the direction of the court) until the sixth day of September, 1897, when what remained of said original property and stock of merchandise was sold by said receiver to the plaintiff. Under the provisions of said section 1448, *supra*, it was the duty of said receiver to pay said taxes under the order of the court. At the time the property was assessed, it was in the custody of the law, and was not liable to seizure and sale for the taxes. The court having possession of said property ought to have directed the receiver to pay the taxes.

Recurring to the exact point under consideration, and that is whether said tax was a lien on said property, we are clearly of the opinion it was not. The tax lien in this state owes its existence wholly to the provision of our statutes. Section 1412 of the Revised Statutes is as follows: "Every tax has the effect of a judgment against the person and every lien created by this title has the force and effect of an execution duly levied against all of the property of the delinquent; the judgment is not satisfied nor the lien removed until the taxes are paid or the property sold for the payment thereof." Section 1413: "Every tax due upon personal property is a lien upon the real property of the owner thereof from and after the second Monday in April in each year." Section 1414: "Every tax due upon real property is a lien against the property assessed; and every tax due upon improvements upon real estate assessed to others than the owner of the real estate, is a lien upon the land and improvements, which several liens attach as of the second Monday of April in each year." Said section 1412 declares that "every lien created by this title [title 10 of the Revised Statutes] has the force," etc. Then section 1413 declares that every tax due upon personal property is a lien upon the real property of

the owner, and section 1414 makes every tax due on real estate a lien on such real estate. Nowhere is it declared that the tax due on personal property is a lien on such property. Section 1560 of the Revised Statutes provides that at any time after personal property is assessed the tax collector may at any time collect the tax (except where real estate is liable therefor) by seizure and sale of any personal property owned by the delinquent. But that section creates no lien on the personal property assessed, or other personal property of the delinquent—at least, until after seizure by the collector. Tax collectors are thus given ample power to collect taxes on personal property by seizure and sale of any personal property owned by the delinquent. But until the seizure is made the statute creates no lien on the personal property taxed, or on any other personal property owned by the delinquent. To the effect that a tax is not a lien on personal property until actual seizure thereof, see 25 Am. & Eng. Ency. of Law, 270, 271; *McKay v. Batchellor,* 2 Colo. 591.

It is contended that if the appellant Pettingill acted illegally in seizing and selling said property, he acted in a ministerial capacity, and not judicially, and for that reason his bondsmen are not liable for such acts. In the seizure and sale of said property it is conceded that he acted in the utmost good faith, and the record shows that he acted officially. Under the provisions of section 403 of the Revised Statutes, his sureties are liable to any person injured or aggrieved by the wrongful act done in his official capacity. The court that appointed said receiver ought, if possible, to reimburse the tax collector for the actual amount of taxes that he turned into the county treasury, collected on said property, out of any funds that may be under the control of said court, belonging to said Hickok Mercantile Company; for, if proper application had been made to the court, it would have directed the receiver to pay said taxes as required by the provisions of said section 1448, and the tax collector and his sureties would have escaped the loss and vexation of this suit. The judgment of the court below is affirmed, and costs awarded to the respondent.

Huston, J., and Quarles, J., concur.