## TAYLOR MOTOR CAR CO. v. SALT LAKE COUNTY.

No. 4828. Decided August 26, 1929. (281 P. 49.)

*John D. Rice,* Co. Atty., of Salt Lake City, for appellant.

*H. D. Moyle* and *J. M. Christensen,* both of Salt Lake City, for respondent.

STRAUP, J.

This proceeding was instituted under our Declaratory Judgments Act. The question involved is as to whether a general tax on personal property is a lien on the property against which it is assessed and levied. The facts alleged and admitted are that a general tax in 1927 was assessed and levied on an automobile then owned and possessed by Brockelbank, who, without paying the tax, on April 1, 1928, for value, sold the automobile to the plaintiff. Thereafter the tax collector of the county demanded payment of the tax from the plaintiff, and, upon its refusal to pay it, threatened to seize and sell the automobile in payment of the tax. The court below held that the tax was not a lien on the automobile, the plaintiff not liable for the tax, and enjoined the county and its officers from seizing or selling the automobile. The county appeals.

It is the general rule, and it is not seriously disputed, that a general tax assessed and levied on personal property is not a lien on the property so assessed and levied, unless it is so provided by statute. 26 R. C. L. 328; 2 Cooley on Taxation (3d Ed.) P. 865; *Jaffray & Co.* v. *Anderson,* 66 Iowa 718, 24 N. W. 527; *Quimby* v. *Wood,* 19 R. I. 571, 35 A. 149; *Charleston Heights Co.* v. *City Council,* 138 S. C. 187, 136 S. E. 393; *Hoge* v. *Garcia* (Tex. Civ. App.) 296 S. W. 982; *Linn* v. *O'Neil,* 55 N. J. Law, 58, 25 A. 273.

The appellant asserts and the respondent denies that by our statute a general tax on personal property is made a

lien on the property taxed. The appellant, to support this, refers us to several sections of our taxing laws: section 5876, Comp. Laws Utah 1917, making it the duty of the assessor to assess property to the person by whom it was owned, claimed, possessed, or controlled at 12 m. on January 1st of each year; section 5907, which provides that any property willfully concealed, removed, transferred, or misrepresented by the owner to evade taxation, upon discovery, must be assessed at double its value; section 5908, that any property discovered by the assessor to have escaped assessment may be assessed at any time, and, when so assessed, shall be reported by the assessor to the auditor, etc.; section 5995, which provides that

"every tax has the effect of a judgment against the person, and every lien created by this title has the force and effect of an execution duly levied against all personal property of the delinquent. The judgment is not satisfied nor the lien removed until the taxes are paid or the property sold for the payment thereof."

Apparently the only section pertinent to the inquiry is section 5995, just quoted. The only lien created by the tax title is a lien on real estate. It declares a tax on personal property of the owner to be a lien on real estate owned by him, a tax on mining machinery and improvements erected on mines and mining claims to be a lien on the mines and mining claims. The tax title does not in express terms declare a tax on personal property to be a lien on the personal property itself assessed and taxed. It is claimed that by necessary implication section 5995 of the statute creates such a lien. Under similar provisions of taxing statutes of Idaho and Montana the courts of those states held to the contrary. *Palmer* v. *Pettingill,* 6 Idaho 346, 55 P. 653; *Walsh* v. *Croft,* 27 Mont. 407, 71 P. 409.

We think the interpretation given such a statute is the correct interpretation. As is seen, the statute does not declare that every tax, but every lien created "by this title," has the force and effect of an execution duly levied against

the personal property of the delinquent. And, as is seen, the liens created by the title are liens only on real estate and not on personal property.

The judgment is affirmed, costs to the respondent.

CHERRY, C. J., and ELIAS, HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.