**UNITED STATES v. RECORD PUB. CO. et al.**

**Civ. No. 4807.**

District Court, N. D. California, N. D.
April 20, 1945.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., and Emmet J. Seawell, Asst. U. S. Atty., of Sacramento, Cal., for plaintiff.

Holloway Jones, Hugh K. McKevitt, and Jack M. Howard, all of San Francisco, Cal., for defendant Acme Color Print Co., Limited.

Robert W. Kenny, Atty. Gen. of California, and Ward Sullivan and Ralph R. Planteen, Deputy Attys. Gen., for defendant California Employment Stabilization Commission.

WELSH, District Judge.

The facts herein are not in dispute. A written stipulation on file recites that defendants, V. C. Richards and C. H. Deuel, entered into a conditional sales contract by the assignment of which defendant, Record Publishing Company, a corporation, acquired the right to purchase newspapers known as "Chico · Record" and "Chico Weekly Record" and certain other property. Default occurred and Richards and Deuel retook possession of said newspapers and said other property. An agreement was thereupon made whereby Richards and Deuel agreed to receive all monies paid into the office of the Chico Record which belonged to and were the property of said Record Publishing Company, pursuant to which they actually received $1347.23, which was deposited with the Treasurer of the County of Butte, State of California, pending the determination of rights thereto.

Plaintiff alleges in its complaint that defendant, Record Publishing Company, became indebted to it for taxes, including contribution tax, $184.33 for the third quarter of 1942, insurance contribution tax $148.14 for the fourth quarter of 1942, Federal unemployment tax for the year 1942, $96.12, Federal unemployment tax additional assessment for 1942, $536.41, together with penalties on said sums.

Defendant, Acme Color Print Company, Ltd., claims $618.77 as a balance due on a judgment recovered against Record Publishing Company on or about the 1st day of February, 1943, pursuant to which execution was levied.

Defendant, California Employment Stabilization Commission, asserts that it is entitled to $623.71 by reason of unemployment insurance collections.

Section 3670 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev..Code, § 3670, allows a lien for Federal taxes: "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount * * * shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

Section 3671, Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3671, provides: "Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector * * *."

Section 3672, I.R.C., 26 U.S.C.A. Int.Rev. Code, § 3672, however, specifies: "Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector—(1) In accordance with the law of the State * * * in which the property subject to the lien is situated * * * (2) In the office of the clerk of the United States district court for the judicial district in which the property subject to the lien is situated * * *."

Hence, as against other liens not given a preference by statute, the lien of the United States on the funds collected by defendants Richards and Deuel arose "at the time the assessment list was received by the collector." Such time was January 26, 1943, as to three of the claims and February 19, 1943, as to the fourth.

However, as against "a mortgagee, pledgee, purchaser, or judgment creditor" the liens were not valid until recorded in accordance with Section 3672 of the Internal Revenue Code. The notices specified by said section were not filed until the 8th day of February, 1943 in one instance, and the 15th day of March, 1943, in the other.

Under said statutes, therefore, said Acme Color Print Company, Ltd., as a judgment creditor perfected its lien so that it became entitled to priority over that of the plaintiff on the 1st day of February, 1943.

California Employment Stabilization Commission did not perfect its lien until after the judgment was recovered by the Record Publishing Company, to-wit: on or about the 16th day of February, 1943. It gave notice "to withhold", but did not recover any judgment. Consequently it cannot show itself entitled to any prior lien as a judgment creditor.

The above-quoted sections of the Internal Revenue Code were applied in MacKenzie v. United States, 9 Cir., 109 F.2d 540, wherein the legislative history was traced. A decision of the District Court of the United States for the Northern District of California was affirmed, and the necessity of a judgment in order to effectuate priority over a Federal tax lien was stressed. The Court pointed out that prior to 1913 no provision for priority on the part of third persons was made; that in said year Congress added the provision that the tax lien shall not be valid against any mortgagee, purchaser, or judgment creditor until recordation of the notice prescribed, and said (page 542 of 109 F. 2d): "Congress at this time undoubtedly recognized that under the statute as it existed prior to 1913 no third person was protected under any circumstances, from an unrecorded federal tax lien. By the 1913 amendment it intended to extend protection, not to all third parties, but to the three classes of third parties designated therein, namely, mortgagees, purchasers, and judgment creditors. We conclude that in order to be protected, the claimant must show that he is within one of those three classes."

Defendant, Acme Color Print Company, Ltd., did show at the trial hereof that it is within one of those three classes, to-wit: judgment creditor. It thereby became entitled to the first payment from the monies now impounded.

Defendant, California Employment Stabilization Commission, was unable to show that it was within any one of those classes.

Section 2897 of the California Civil Code reads: "Other things being equal, different liens upon the same property have priority according to the time of their creation."

In Mortgage Securities v. Pfaffmann, 177 Cal. 109, 169 P. 1033, L.R.A. 1913D, 118, the Supreme Court of California took the view that said section governs unless the statute prescribed otherwise, and that the question of priority is wholly controlled by statutory law. It said (177 Cal. 112, 169 P. 1034, L.R.A.1913D, 118): "The general rule touching liens is that preference goes with priority."

In Paul v. United States, 6 Cir., 127 F.2d 64, the Court approved the reasoning in United States v. Greenville, 4 Cir., 118 F. 2d 963, which was a suit to foreclose a lien for unpaid income taxes upon real estate upon which there were also liens for real estate taxes due the city, county and state, which were by state law made paramount to all other charges. The later opinion contains these expressive sentences (page 66 of 127 F.2d): "But it was held that since such liens were acquired subsequent to the acquisition of the lien of the United States, the latter was entitled to priority in payment. Such is our conclusion in the instant case."

It is accordingly held that the liens on the funds heretofore received by the County Clerk of the County of Butte, State of California, from Richards and Deuel and held in trust by the Treasurer of said county be satisfied in the following order— First: Acme Color Print Company, Ltd.; Second: United States of America; Third: California Employment Stabilization Commission.

It is ordered that, in view of the nature of this proceeding and the good faith of all parties, none recover costs.

Counsel for Acme Color Print Company, Ltd., will prepare findings and judgment in accordance with this opinion.