In re CAPITOL CLEANERS & DYERS, Inc.
CITIZENS COAL CO. v. CAPITOL CLEANERS
& DYERS, Inc., et al.

No. 7571.  Decided June 19, 1951.  (233 P. 2d 377.)

*Fabian, Clendenin, Moffat & Mabey, Peter W. Billings,* Salt Lake City, for plaintiff, Citizens Coal Co.

*Scott M. Matheson,* U. S. Dist. Atty., *Bryant H. Croft,* Asst. U. S. Dist. Atty., Salt Lake City, for appellant, United States.

*Frank E. Moss,* County Atty., *William T. Thurman,* Asst. County Atty., Salt Lake City, for respondent, Sharp M. Larson, Treasurer of Salt Lake County and others.

WOLFE, Chief Justice.

This appeal concerns the priority of Federal and State tax liens. The proceedings were originally instituted when Citizens Coal Company, a creditor of Capitol Cleaners and

Dyers, Inc., caused a receiver to be appointed for Capitol. The receiver determined from an audit of Capitol's books that the business had operated at a loss for several years, and the physical assets and good will of said corporation were sold as a going concern to the highest bidder. Proper notice was given to all creditors to present their claims in writing to the receiver. Pursuant thereto, claims were filed by Appellant, United States of America for delinquent income, withholding and unemployment taxes, and respondent, County Treasurer of Salt Lake County, filed claim for unpaid personal property taxes. After deducting the expenses of the receivership and the said sale, the trial court established the following priorities:

(1) United States of America for delinquent taxes which had been assessed and which had been recorded in the office of the Salt Lake County Recorder prior to the appointment of the receiver—$4,625.56.

(2) County Treasurer of Salt Lake County for personal property taxes for 1949 and 1950—$836.63.

(3) United States of America for delinquent taxes which had been assessed prior to the receiver's appointment, but no Notice of Tax Lien had been recorded in the office of the County Recorder concerning these assessments —$1,705.22.

The appellant contends that the various taxes assessed by the Collector of Internal Revenue against Capitol became liens against the property of the taxpayer on the respective dates on which the assessment lists were received in the office of the Collector, and that it was not necessary that notice of such liens be filed in the office of the County Recorder to give such liens a priority over county taxes.

Section 3670 of the Internal Revenue Code, 26 U. S. C. A. allows a lien for Federal taxes:

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount * * * shall be a lien in favor of

the United States upon all property and rights to property, whether real or personal, belonging to such person."

## Section 3671 I. R. C. 26 U. S. C. A. provides:

"Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector * * *."

The wording of Sections 3670 and 3671, supra, makes it clear that the lien attaches as of the date the assessment list is received in the Collector's office. It has been uniformly so held by the courts. *Citizens State Bank of Barstow, Texas* v. *Vidal*, 10 Cir., 114 F. 2d 380; *Filipowicz* v. *Rothensies*, D. C., 43 F. Supp. 619; *United States* v. *Record Publishing Co.*, D. C., 60 F. Supp. 194.

However, Section 3672, I. R. C. 26 U. S. C. A. specifies:

"Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector—(1) In accordance with the law of the State * * * in which the property subject to the lien is situated * * *."

Respondent maintains that it is a judgment creditor of the taxpayer under the Utah statutes. Section 80-10-1 of the Utah Code Annotated 1943, provides:

"*Every tax has the effect of a judgment* against the person, and every lien created by this title has the force and effect of an execution duly levied against all personal property of the delinquent. The judgment is not satisfied nor the lien removed until the taxes are paid or the property sold for the payment thereof." (Italics added.)

## Section 80-10-2, states that:

"Every tax upon personal property is a lien upon the real property of the owner thereof, from and after 12 o'clock m. of the 1st day in January of each year."

Appellant contends that the County had no lien upon the personal property of Capitol because Sections 80-10-1 & 2, U. C. A. 1943, only provide for a lien upon real property.

*Taylor Motor Car Co.* v. *Salt Lake County,* 74 Utah 594, 281 P. 49. In the instant case Capitol Cleaners & Dyers, Inc. was a lessee of its premises, so there was no real property to which the lien could attach, but want of ownership of real property does not prevent a creditor from becoming a judgment creditor.

Whether our statutory provision that, "Every tax has the effect of a judgment," qualifies the County as a judgment creditor within the meaning of that word as used in Section 3672 of the Internal Revenue Code is a Federal question. *United States* v. *Security Trust & Savings Bank,* 1950, 340 U. S. 47, 71 S. Ct. 111, 113. In that case a creditor procured an attachment upon real estate, but before he obtained and recorded the judgment, the United States filed notice of federal tax liens. The Supreme Court held that the federal tax liens were superior to the prior attachment lien because the Supreme Court of California had described the attachment lien under its Code of Civil Procedure as a contingent inchoate lien. The United States Supreme Court stated that,

"The effect of a lien in relation to a provision of federal law for the collection of debts owing the United States is always a federal question. * * * [But] if the state court itself describes the lien as inchoate, this classification is 'practically conclusive.'"

In *Crystal Car Line* v. *State Tax Commission,* 110 Utah 426, 174 P. 2d 984, 991, we declared that the provision of Section 80-10-1, U. C. A. 1943, which provides that every tax has the effect of a judgment,

"indicated that every tax should be collected by the same means, in the same manner and within the same time as a judgment, unless otherwise expressly provided."

Chapter 10 of Title 80 provides for collection of taxes against personal property, by a summary proceeding through seizure and sale of the personal property of the

delinquent taxpayer. Mr. Justice Wolfe in his concurring opinion states:

"A tax obligation which is given the effect of a judgment is not a judgment as that term is used. It cannot be sued on in another state. The effect of a judgment is that it is a final determination of amount and nature of the obligation imposed and that it is a lien against the judgment debtor's real estate in the county where docketed."

We believe the language, "every tax has the effect of a judgment", describes the liability of the taxpayer and the method of procedure in collecting the tax rather than characterizes the County as a judgment creditor. In *United States* v. *Security Trust and Savings Bank,* supra, the attaching creditor did not become a judgment creditor until the court pronounced judgment. In his concurring opinion, Mr. Justice Jackson reviews the history of Sections 3670-3672, 26 U. S. C. A. and points out how mortgagers, purchasers, judgment creditors and pledgees were excepted from the priority of assessed but unrecorded federal tax liens. He states

"The history of this tax lien statute indicates that only a judgment creditor in the conventional sense is protected."

Accordingly, we hold that the state statute does not elevate the County to the preferred position of a judgment creditor whose lien is superior to unrecorded federal tax liens. The case is reversed with directions to accord the United States of America priority in payment of its tax lien in the total sum of $6,330.78 instead of $4,625.56. Under the above principle, appellant is not entitled to priority concerning the sum of $645.72 which was assessed after the County Treasurer seized the property of Capitol Cleaners & Dyers, Inc. for sale on its tax claim. Costs awarded to appellant.

LATIMER, McDONOUGH and CROCKETT, JJ., concur.

WADE, Justice (concurring in the result).

Under Section 3672, I. R. C. 26 U. S. C. A., a federal tax lien is not valid

"as against any mortgager, pledgee, purchaser, or judgment creditor until notice thereof has been filed"

in accordance with the state law, and under Section 80-10-1, U. C. A. 1943,

"Every tax has the effect of a judgment against the person."

In this state a judgment creditor with a judgment only against the person obtains no lien thereby against the personal property of the judgment debtor. *Taylor Motor Co. v. Salt Lake County*, 74 Utah 594, 281 P. 49; *Crystal Car Line v. Tax Commission*, 110 Utah 426, 174 P. 2d 984. Only personal property is here involved so Salt Lake County has no lien securing the delinquent personal property tax. If the statutory declaration that every tax has the effect of a judgment against the person makes the tax creditor a judgment creditor, we would still have to determine whether Congress intended that the provisions of Section 3672, supra, would apply to an unsecured judgment creditor's claim. I think that Congress did not so intend and therefore I concur with the result reached in the prevailing opinion.

From the wording of Section 3672, supra, there is nothing to indicate that its provisions were intended to apply only to judgment creditors who thereby obtained a lien on the property. Ordinarily a creditor with a lien against property has a preference as against the holder of an unsecured claim, the federal tax in many respects is a highly preferred claim so it seems unusual that Congress intended to make a claim of an unsecured judgment creditor who might have but did not by attachment, garnishment or execution establish a lien against the property of the judgment debtor, superior or even equal to the federal tax lien.

No good reason is apparent for such a result. A mortgagee, pledgee and purchaser each, either has a lien against the property or an interest therein, and a judgment creditor has a lien against the debtor's real property and may obtain a lien against the personalty of the judgment debtor by appropriate action. Without Section 3672, supra, each of the secured claimants enumerated stands to lose its lien or interest in the property on account of the federal tax lien without any notice or knowledge of its existence, but the unsecured judgment creditor could not rely on any lien to secure the payment of his claim and could not lose any right in the property on account of the federal tax lien because he never acquired such right.

If the provisions of Section 3672, supra, apply to unsecured judgment creditors as well as to secured creditors, many complications will result. An unsecured judgment creditor has no lien against the personal property of the debtor, if he can claim the benefits of Section 3672, supra, the federal tax lien as against him is not valid so as against each other both such creditors become unsecured and without any lien on the debtor's property. Probably if no other creditors are involved their claims would be paid pro rata. However, if other unsecured creditors are involved the federal tax lien would be a preferred claim against them but as against the unsecured judgment creditor it would have no preference, or if there are secured claimants with liens or rights in the property other than those enumerated in Section 3672, supra, such claimants would be preferred over the unsecured judgment debtor but subject to the federal tax lien. Just how the property would be distributed under these situations is not apparent. In view of these facts and circumstances it seems that Congress in enacting Section 3672, supra, without expressly so stating, intended to establish the priority only as between lien claimants and did not intend it to affect unsecured creditors.

I have found no case which considers or passes on this question but the opinion of the court by Mr. Justice Minton

in *United States* v. *Security Trust & Savings Bank,* 340 U. S. 47, 71 S. Ct. 111, 113, relied on in the prevailing opinion, which involved the priority of an attachment lien prior to judgment as against a federal tax lien, merely held that since the attachment lien was inchoate and contingent and "merely a lis pendens notice that a right to perfect a lien exists," that it was not sufficiently specific and perfected to defeat the federal tax lien. That opinion seems to indicate that had it been "specific and perfected" even before judgment it would have been prior to such federal tax lien. On the other hand in a concurring opinion Mr. Justice Jackson points out and bases his concurrence on the fact that prior to judgment an attaching creditor whether he has a lien or not is not a judgment creditor in the conventional sense and therefore is not specifically included in the statute. The prevailing opinion in that case is based on decisions under another statute which did not contain the provision excepting to judgment creditors but only dealt with the priority of liens. *State of Illinois ex rel. Gordon* v. *Campbell,* 329 U. S. 362, 374, 67 S. Ct. 340, 346, 347, 91 L. Ed. 348. Neither of these cases considered the question of whether an unsecured creditor was included within the provisions of Section 3672, supra, or whether a tax which is declared to have the effect of a judgment makes the tax claimant a judgment creditor or not. But the prevailing opinion seems to hold that under section 3672, supra, the important thing is whether there is a specific and perfected lien. So I conclude that without any opposing lien the federal tax lien is preferred.