401 P.2d 952

SAN JUAN COUNTY and State Tax Commission of Utah, Plaintiffs and Appellants,

v.

JEN, INC., a corporation, Defendant and Respondent.

No. 10146.

Supreme Court of Utah.

May 17, 1965.

4. See Article VIII, Sec. 9, Utah Constitution which assures right of appeal.

 

· F. Burton Howard, Salt Lake City, F. Bennion Redd, Monticello, for plaintiffs and appellants.

Paul B. Cannon, Salt Lake City, for defendant and respondent.

McDONOUGH, Justice.

The plaintiffs, San Juan County and the State Tax Commission, appeal from a judgment of the Seventh District Court holding that an assessment of property taxes, remaining unsatisfied after sale of the charged property, is not a debt against the landholder.

Defendant, Jen Inc., owned and operated a uranium mine in San Juan County during the years, 1957, 1958 and 1959. The taxes were assessed on the annual proceeds formula under the authority of Section 59–5–57, U.C.A.1953, which provides that the property tax shall be calculated on the basis of a three-year average of net annual proceeds. The taxes assessed during the three years mentioned were paid. In December of 1959 the claims, depleted and thus rendered valueless, were formally abandoned. The 1959 operational assessment was reported and paid in 1960 and no further taxes have been paid. The Tax Commission assessed the defendant for taxes in 1960, 1961 and 1962, using the three-year formula and averaging

in operations for 1960 and 1961 at zero. After default in payment of the 1960 tax thus assessed, the County followed the regular tax foreclosure procedure and sold the property pursuant to Section 59–10–33, U.C.A.1953. Since the land, depleted of minerals, was valueless, the tax assessment remained unsatisfied.

 The plaintiff's position is that the foreclosure of the tax lien by the statutory sale of the land to the County did not extinguish the debt, but that it is an obligation of the defendant to satisfy which the plaintiffs may resort to other assets of the defendant. In approaching this problem it is well to keep in mind that the taxation of mining property under the net annual proceeds formula is not essentially different in nature than the taxation of other real property. All of the processes of taxation, including the means of enforcing them, depend entirely upon statute.[1] The formula referred to is based upon the assumption that the value of the ore removed has a direct relationship to the total value of the mining property. It provides a valid and practical expedient for determining value and for implementing the taxing procedure created by our statutes.

The plaintiffs place reliance on Section 59–10–1, U.C.A., 1953:

"Every tax has the effect of a judgment against the person, and every lien created by this title has the force and effect of an execution duly levied against all personal property of the delinquent. *The judgment is not satisfied nor the lien removed until the taxes are paid or the property sold for the payment thereof.*"

From the emphasized language it will be noted that the recourse is to the property, and that the statute contains no express indication that the tax obligation runs to the owner. This court has heretofore held that since the legislature has provided this means for the collection of property taxes, which is based upon a lien upon the property, and has omitted expressing any intent that there should be a personal judgment, that no such personal obligation exists.[2] It was similarly held in regard to the predecessor Section 59–10–1, U.C.A.1953: that the tax liability ran to the property rather than characterizing "the County as a judgment creditor."[3] This interpretation also finds support in Section 59–10–3, U.C.A.

1. Board of Com'rs of Ness County v. Hopper, 110 Kan. 501, 204 P. 536; McDonald v. Duckworth, 197 Okl. 576, 173 P.2d 436.

2. Crismon v. Reich, 2 Utah 111.
3. Citizens Coal Co. v. Capitol Cleaners & Dyers, Inc., 120 Utah 285, 233 P.2d 377; Crystal Car Line v. State Tax Comm., 110 Utah 426, 174 P.2d 984.

1953, which states that "Every tax upon real property is a lien against the property assessed * * *."[4]

Our conclusion that the tax upon real property is a charge upon the property, and not in the nature of an in personam obligation of the owner,[5] is not changed by the provision of Section 59–10–47, U.C.A. 1953, cited by plaintiffs which states that, "Such foreclosure shall not deprive the county of any other method or means provided for the collection or enforcement of any such taxes, but shall be deemed and construed as providing an additional or cumulative remedy for the collection of general taxes [etc.] * * *." This statute speaks only of any remedy for collection of the tax which already exists, but it does not create any new remedy allowing an in personam judgment for the collection of property taxes.

The result we have reached renders it unnecessary to consider other points raised.

Affirmed. No costs awarded. (Emphasis added.)

HENRIOD, C. J., and CROCKETT, WADE and CALLISTER, JJ., concur.

---

4. See Anson v. Ellison, 104 Utah 576, 140 P.2d 653.

5. Santos v. Simon, 60 Ariz. 426, 138 P. 2d 896; Board of Com'rs of Sherman County v. Alden, 158 Kan. 487, 148 P. 2d 509, 152 A.L.R. 881.