415 P.2d 208

**ATLAS CORPORATION, a corporation, Plaintiff and Appellant,**

**v.**

**STATE TAX COMMISSION of Utah et al., Defendants and Respondents.**

**No. 10543.**

Supreme Court of Utah.

June 13, 1966.

2. Rule 73(a) U.R.C.P.

Van Cott, Bagley, Cornwall & McCarthy, David E. Salisbury, Clifford L. Ashton, Leonard J. Lewis, Salt Lake City, for appellant.

Phil L. Hanson, Atty. Gen., F. Burton Howard, Asst. Atty. Gen., for respondents.

WADE, Justice:

Plaintiff Atlas Corporation appeals from a judgment of the District Court denying its request for an injunction to prohibit the Tax Commission from executing certain warrants issued by it upon all the real and personal property of that corporation for the payment of ad valorem real property taxes assessed against two of its mines which had become worthless and from requiring it to personally furnish security for the payment of such taxes upon those properties.

This court, in San Juan County v. Jen, Inc.,[1] held that the ad valorem tax against a mining property is not essentially different, though based on a net proceeds formula in determining valuation, than the tax on other real property; and that the legislature has provided the means of collection "of property taxes, which is based upon a lien upon the property, and has omitted expressing any intent that there should be a personal judgment, that therefore *no such personal obligation exists.*" (Emphasis ours.)

In the proceeding here under review the Tax Commission takes the position that it is authorized by Sections 59–5–79 and 59–5–80, U.C.A.1953, to collect delinquent ad valorem mining taxes by docketing warrants which can be satisfied from other property of the owner of the mine. Section 79 provides that, "If the tax imposed *by this chapter* or any portion thereof is not paid when the same becomes due, the tax commission may issue a warrant, * * * directed to the sheriff of any county of the state commanding him to levy upon and sell the real and personal property of the taxpayer found within this county for the payment of the amount thereof * * *." And Section 80

1. San Juan County v. Jen, Inc., 16 Utah 2d 394, 401 P.2d 952.

provides the manner in which this shall be carried out.

In analyzing this contention it is appropriate to look to the background and purpose of the enactment. The sections referred to were first enacted as Sections 15 and 16 of Chapter 101, S.L.U.1937, which was entitled: An Act Amending [certain sections] and Enacting New Sections Imposing *An Occupation Tax* On All Engaged In The Business Of Mining Or Producing Metalliferous Ores; *Providing For The Collection And Disposition Of Such Occupation Tax*; * * * etc. In that enactment the language quoted of Section 15 (now Section 59–5–79) that "If the tax imposed by *this chapter* or any portion thereof is not paid * * *" clearly refers to the collection of the mine occupation tax first created by that chapter. Such plausibility as there is to the position taken by the Tax Commission arises because this Chapter 101, S.L.U.1937, which created the mine occupation tax, is now included in the Chapter 5 of Title 59 containing all of the provisions re the assessment of property. But from the foregoing it is plain that Sections 79 and 80 referred to above were intended by the legislature at the time of the enactment to implement the collection of the mine occupation tax, and that they have no application to the collection of ad valorem taxes as is attempted here.

This disposition of the case renders it unnecessary for us to consider questions raised as to the constitutionality of Sections 79 and 80 as being discriminatory against owners of mines. The same can be said with respect to Sections 59–5–65 and 59–10–23, 59–10–24 and 59–10–25, which relate to the anticipatory obtaining of security for the payment of ad valorem taxes on uranium and vanadium mines which might become worthless by depletion before the taxes are collected.

We perceive in this record no basis for invocation of Section 59–10–22, U.C.A. 1953, which provides: "Whenever the tax commission shall find that a person liable for the payment of any tax which is collectible by the tax commission designs quickly to depart from the state of Utah, or to remove his property therefrom, or to conceal himself or his property therein * * *" the tax may be declared immediately due and collectible by warrant as provided in Sections 59–13–53 and 59–13–54, U.C.A.1953. (All emphasis added)

The writ of prohibition should be granted. Remanded for that purpose. No costs awarded.

HENRIOD, C. J., and McDONOUGH, CROCKETT and CALLISTER, JJ., concur.